## SECURITY SAVINGS AND LOAN ASSOCIATION ET AL. *v.* MOORE.

[No. 18,520.   Filed June 14, 1898.   Rehearing dismissed Oct. 4, 1898.]

RECEIVERS.—*Foreign Corporation.*—*Appointment of Local Receiver.* —*Building and Loan Associations.*—The available legal authority of a receiver is co-extensive only with the jurisdiction of the court by which he was appointed when the right of precedence or priority of creditors is asserted in respect to property or funds of a nonresi- dent debtor which the receiver has not yet reduced to possession; and the question of the appointment of a local receiver, on the petition of a creditor, to take charge of property in this State, is for the determination of the trial court in which such petition is filed.

From the Madison Superior Court.   *Affirmed.*

*Wagner, Bingham & Long,* for appellants.

*Herman F. Wilkie* and *Orla A. Armfield,* for appellee.

HOWARD, J.—This was an action by the appellee against the appellants for the collection of a debt alleged to be due appellee, and for the appointment of a receiver for the appellant association. The association is a foreign corporation having assets and doing business in this State, and the appeal is from the appointment of a receiver upon the complaint and affidavits filed therewith.   Appellants contend that the complaint and affidavits do not show: "First, sufficient cause for the appointment of a receiver at all;

and, second, sufficient cause for the appointment without notice."

It appears from the complaint that the appellant is a building and loan association, organized in accordance with the laws of the state of Minnesota, and with headquarters at Minneapolis, in that state; that appellee, who is a resident of this State, holds six shares of stock in said association, upon which she has paid $420; that it was agreed by the association at the time the stock was issued that appellee should be entitled at all times, at her option, to a payment to her of all moneys paid by her on said stock, together with eight per cent. interest; that she has complied with all of the conditions required of her in her contract with said association, but that the association has become insolvent, and has notified her that it is unable to perform the conditions by it to be performed; that the appellant Russell has been appointed receiver for said association by the district court in Hennepin county, in the state of Minnesota; that the association has assets in this State nearly sufficient to pay all its liabilities to the citizens of Indiana, but that the said Russell is removing said assets from this State and from the jurisdiction of the court, and if a receiver is not appointed to take charge of said assets, they will be removed to Minnesota by said Russell, not leaving sufficient within the jurisdiction of the court to satisfy appellee's claim, and she will suffer irreparable injury thereby, and her claim will be lost forever; that said association has no authorized agent upon whom notice can be served, and, if the cause is delayed until notice can be had by publication, all of the assets of the association will have been removed from the jurisdiction of the court. Prayer for judgment, and for the appointment of a receiver, without notice.

In the several affidavits filed in support of the prayer for the appointment of a receiver, numerous additional statements are made in support of the allegations of the complaint, showing also the failure of the association to comply with the laws of this State, mismanagement of its affairs, waste of the assets, and irreparable injury that would result to the interests of appellee, and other resident creditors and holders of stock in said association, if a receiver should not be appointed, and the appellant Russell should be permitted to remove all the assets of the association from the jurisdiction of the trial court. After the appointment of the receiver, the appellants appeared and filed their objections to the appointment, and also their motion to set aside and vacate the same. With the objections and motion to vacate, appellants also filed affidavits, together with a transcript of the proceedings of the Hennepin district court, in which the Minnesota receiver was appointed. The objections and motion to vacate were both overruled and this appeal followed.

Whether we consider the allegations of the verified complaint by themselves, or in connection with all the facts set out in the several affidavits filed by appellants and by appellee, we can discover no error in the action taken by the court, either in the appointment of the receiver in the first place, or in the overruling of the motion to vacate the appointment. The reasons for the appointment of a receiver were ample, under the statute, as were also those for his appointment without notice. It is true, there may be a possibility, or even a probability, that the affairs of the insolvent association might be settled to the best interests of all stockholders and creditors by the home receiver alone, rather than by the action of separate receivers in the several states where the association

has assets. *Cowen* v. *Failey*, 149 Ind. 382. That, however, is a question to be decided on the mature judgment of the trial court, when all the facts become known. If it is found to be more equitable, in the end, and not against the interests of appellee and other residents of Indiana, that all assets in this State should be placed in the hands of the home receiver, appointed in Minnesota, no doubt that course will be taken. Nevertheless, the mere circumstance that there is a receiver in another state does not make it improper to appoint a receiver here. The authority of the Minnesota receiver cannot, by virtue of his appointment, extend beyond the jurisdiction of the court appointing him. If he should finally be given the right to administer the assets of the appellant association in this State, it must be by authority received from the courts of Indiana. The courts here must decide whether that course ought to be taken. So it was said by Mitchell, C. J., in *Catlin* v. *Wilcox, Silver Plate Co.*, 123 Ind. 477: "The principle upon which the decisions rest is, that it is the policy of every government to retain within its control the property of a foreign debtor until all domestic claims have been satisfied; and hence the right of a receiver of a foreign court to sue, which is allowed only upon considerations of comity, will be denied when it comes in conflict with the interests of domestic creditors. 'We decline,' said the court in *Runk* v. *St. John*, 29 Barb. 585, 'to extend our wonted courtesy so far as to work detriment to citizens of our own state who had been induced to give credit to the foreign insolvent.' *Bagby* v. *Atlantic, etc., R. R. Co.*, 86 Pa. St. 291; *Insurance Co.* v. *Wright*, 55 Vt. 526; *Thurston* v. *Rosenfield*, 42 Mo. 474, 97 Am. Dec. 351; *Willitts* v. *Waite*, 25 N. Y. 577. It follows, hence, that the available legal authority

of a receiver is co-extensive only with the jurisdiction of the court by which he was appointed when the right of precedence or priority of creditors is asserted in respect to property or funds of a nonresident debtor which the receiver has not yet reduced to possession. *Hunt* v. *Columbian Ins. Co.*, 55 Me. 290; *Warren* v. *Union Nat'l Bank*, 7 Phila. 156; *Booth* v. *Clark*, 17 How. 322; *State* v. *Jacksonville, etc., R. R. Co.*, 15 Fla. 202; *Farmers', etc., Ins. Co.* v. *Needles*, 52 Mo. 17; *Taylor* v. *Columbian Ins. Co.*, 14 Allen 353."

It could not be questioned, as shown by the transcript of the proceedings of the Minnesota court, filed by appellants, that the condition of the affairs of the appellant association fully justified the appointment of the receiver by that court. That consideration alone is sufficient to vindicate the action of the court below in appointing the receiver here. The trial court will determine what further action is just and equitable in the premises.   Judgment affirmed.