**606**    **SUPREME COURT OF INDIANA,**

Kent, etc., Grocery Co. *v.* George Hitz & Co.—187 Ind. 606.

## KENT AVENUE GROCERY COMPANY *v.* GEORGE HITZ AND ·COMPANY.

[No. 23,222. ˙Filed November 8, 1918.]

1. RECEIVERS.—*Appointment.—Notice.*—Where no affidavits were filed in support of an application for the appointment of a receiver without notice, the .court can look only to the allegations of the verified complaint in determining the sufficiency of the showing to dispense with the necessity of notice. p. 607.

2. RECEIVERS.—*Appointment.—Notice.—Showing of Cause.*—In an action under §1288 Burns 1914, §1230 R. S. 1881, for the appointment of a receiver without notice, it must be made to appear either in the verified complaint, or by affidavit filed with the application, not only that there is cause for the appointment but that an emergency exists requiring appointment without notice; and if sufficient reason for failure to give reasonable notice is not so shown, the appointment is erroneous. p. 608.

3. RECEIVERS.—*Appointment.—Notice.*—Courts of equity exercise extreme caution in the appointment of receivers *ex parte;* and such action should not be taken except in cases of the greatest emergency demanding the immediate interference by the court, since the courts are averse to dispossessing a party of property *prima facie* his own and placing it in the hands of a receiver without notice. p. 608.

4. RECEIVERS.—*Appointment.—Notice.—Statute.*—A receiver was improperly appointed without notice, under §1288 Burns 1914, §1230 R. S. 1881, where there was nothing in the sworn application under which the receiver was appointed showing that the rights of the appellee would not have been fully protected by proceeding under §§1205, 1207 Burns 1914, §§1148, 1150 R. S. 1881, for a temporary restraining order pending the ·hearing on the application for the receivership. p. 609.

5. RECEIVERS.—*Appointment.—Notice.*—A receiver will not be appointed without notice, unless. it appears that 'the rights of the petitioner cannot be protected in any other way. p. 610.

From Vigo Circuit Court; *Charles L. Pulliam,* Judge.

Action by George Hitz and Company against the Kent Avenue Grocery Company. From an interlocutory order appointing a receiver without notice, the defendant appeals. *Reversed.*

*Orph M. Hall,* for appellant.

*Stimson, Stimson, Hamill & Davis,* for appellees.

LAIRY, J.—This is an appeal from an interlocutory order appointing a receiver without notice to take charge of a stock of groceries owned by appellant. The action in which the receiver was appointed was brought on an open account alleged to be due appellee from appellant for merchandise sold to appellant and used in the conduct of its business.

As showing the necessity for the appointment of a receiver and the emergency which required such appointment without notice to appellant, the complaint states that appellant was a corporation engaged in the retail grocery and produce business in the city of Terre Haute, Indiana, and that its only assets consisted of a stock of groceries and produce and the furniture and fixtures used in connection with the business. It is alleged that appellant corporation was insolvent, and that its president and general manager, with full knowledge of such insolvency, had closed appellant's place of business on February 12, 1917, and that on the day the complaint was filed he was engaged in removing and secreting all of appellant's property and tangible assets with the fraudulent intent and purpose of placing them beyond the reach of plaintiff and the other creditors of the corporation. It appears that the complaint was filed in the Vigo Circuit Court on February 15, 1917, and that the receiver was appointed on the same day without notice to appellant.

By proper assignments of error appellant calls in question the action of the trial court in making the appointment of the receiver in the absence of notice to appellant. It is asserted that the showing made by the verified complaint did not show such an emergency as to justify the court in making the ap-

608    SUPREME COURT OF INDIANA,

Kent, etc., Grocery Co. *v.* George Hitz & Co.—187 Ind. 606.

pointment without notice. As no affidavits were filed in support of the application, the court can look only to the allegations of the verified complaint in determining the sufficiency of the showing to dispense with the necessity of notice. *Sullivan Electric, etc., Co.* v. *Blue* (1895), 142 Ind. 407, 41 N. E. 805.

Our statute provides that receivers shall not be appointed either in term or vacation, in any case, until the adverse party shall have appeared, or shall have 2. had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit. §1288 Burns 1914, §1230 R. S. 1881. It is apparent from the statute that it must be made to appear, either in the verified complaint or by affidavit filed at the time of the application, not only that there was cause for the appointment of a receiver, but also that an emergency existed requiring such appointment without notice. If sufficient reason for the failure to give reasonable notice is not shown by affidavit, the appointment is forbidden by statute and is erroneous. *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 81 N. E. 494, 11 L. R. A. (N. S.) 960, 11 Ann. Cas. 977.

Courts of equity exercise extreme caution in the appointment of receivers *ex parte*. They are averse to dispossessing a party of property *prima facie* 3. his own, and placing it in the hands of a receiver without notice, and such action should not be taken except in cases of the greatest emergency demanding the immediate interference by the court. High, Receivers (3d ed.) §§111-112; *Henderson* v. *Reynolds, supra; Ryder* v. *Shea* (1914), 183 Ind. 15, 108 N. E. 104.

It has been held that a receiver will not be appointed without notice when a court, as in this state, has authority to grant a temporary restraining order without

notice, and where the issuance of such an order would afford ample protection until notice can be given and the matters presented can be determined after a hearing. §1207 Burns 1914, §1150 R. S. 1881; *Henderson* v. *Reynolds, supra,* and cases cited. Section 1205 Burns 1914, §1148 R. S. 1881, provides among other things that a temporary restraining order may be granted when it appears in the complaint at the commencement of the action, or during the pendency thereof by affidavit, that the defendant threatens or is about to remove or dispose of his property with intent to defraud his creditors, and §1207, *supra,* provides that in case of emergency restraining orders may be issued without notice.

The sworn application in this case shows that appellant was conducting its business in the city of Terre Haute, the same city in which the court was held which acted on appellee's petition. It is not shown that its president and general manager was a nonresident of the state, or that he kept himself concealed or in hiding so that notice could not be immediately served on him. Upon filing a bond, a temporary restraining order could have been obtained, restraining appellant from removing or concealing any of its property until such time as a notice could be given and a hearing had on the application for the appointment of a receiver. A notice of the filing of the application for the appointment of a receiver and the time fixed for the hearing thereon could have been served on appellant, and at the same time it could have been served with the temporary restraining order obtained as hereinbefore indicated. There is nothing in the showing made at the time the receiver was appointed which indicates that the rights of appellee would not have been

fully protected by such a proceeding. A receiver will not be appointed without notice, unless it appears that the rights of the petitioner cannot be protected in any other way. *Continental Clay, etc., Co.* v. *Bryson* (1906), 168 Ind. 485, 81 N. E. 210; *Henderson* v. *Reynolds, supra.*

We need not and do not decide whether the facts shown would have been sufficient, if established on a hearing after notice, to authorize the appointment of a receiver, but we do hold that the facts shown do not disclose such an emergency as warranted the court in making such appointment without notice.

The cases cited by appellant to sustain the action of the trial court may be divided into two classes. In the first class are those in which there was an appearance or notice and a receiver had been appointed after a hearing. *Mead* v. *Burk* (1900), 156 Ind. 577, 60 N. E. 338; *Bitting* v. *Ten Eyck* (1882), 85 Ind. 357; *Levin* v. *Florsheim & Co.* (1903), 161 Ind. 457, 68 N. E. 1025; *Sallee* v. *Soules* (1907), 168 Ind. 624, 81 N. E. 587. No question could arise in any of these cases as to the validity of an order appointing a receiver without notice. In the cases cited under the second class the receiver was appointed without notice, and in every case cited the order was held to be erroneous for the reason that the facts stated were not sufficient to authorize such appointment without notice. *Henderson* v. *Reynolds; supra; Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339.

The interlocutory order appointing a receiver without notice is erroneous, and is accordingly reversed, with instructions to the trial court to vacate the same.

NOTE.—Reported in 120 N. E. 659. Receivers: appointment, notice as essential element, 72 Am. St. 35, Ann. Cas. 1915C 897, 34 Cyc 122, 124.