LEDGER PUBLISHING COMPANY *v.* SCOTT.

[No. 24,092. Filed December 6, 1923.]

1. RECEIVERS.— *Appointment without Notice.— Verification of Complaint.—On Information and Belief Insufficient.*—On an application for the appointment of a receiver without notice, a verified complaint, or affidavit in support thereof, which is sworn to on information and belief is not sufficient as evidence to authorize the appointment of a receiver. p. 685.

2. RECEIVERS.—*Appointment without Notice.—Evidence.—Sufficiency.*—To justify the appointment of a receiver without notice, the verified application must not only show one of the statutory causes for appointment, but, in addition, all of the following conditions must be shown, namely, (1) that the property is about to be wasted, destroyed or removed beyond the jurisdiction of the court; (2) that the issuing of a temporary restraining order, or other relief that may be obtained, will not protect the property until notice can be given; (3) that delay until notice can be given will defeat the object of the suit. p. 685.

3. RECEIVERS.—*Appointment without Notice.—Verified Application.—Insufficient.*—A verified application for the appointment of a receiver without notice which alleged that there were unsatisfied judgments against the defendant, but without stating any amount, or that any executions had been issued thereon or were likely to be before notice could be given, or that there

was any danger of the property being removed from the state, or that a restraining order would not protect creditors if defendant was threatening to prefer certain ones, or that the applicant would be harmed in any way by giving notice, was insufficient to justify the appointment of a receiver without notice although it alleged that the defendant (a corporation) was in imminent danger of insolvency. p. 686.

From Bartholomew Circuit Court; *John W. Donaker,* Judge.

Action by Lloyd E. Scott against the Ledger Publishing Company. From an order appointing a receiver without notice, the defendant appeals. *Reversed.*

*George W. Long* and *John Rynerson,* for appellant.

GAUSE, J.—This was an action brought by the appellee against the appellant on four promissory notes, and for the appointment of a receiver for appellant. Upon the filing of the complaint and its being presented to the court, a temporary receiver was appointed, *without notice,* "with the usual powers of a receiver, until the further order of this court."

This is an appeal from the interlocutory order appointing such receiver without notice. The appellee has not favored us with any brief.

The record shows that the appointment was made solely upon the showing made in the complaint, which asked for the appointment of a receiver *without notice,* and that no other evidence was received or heard by the court. It is contended by the appellant that this was not sufficient to justify the court's appointing a receiver without notice, because the complaint or petition was not sworn to in positive and unqualified terms, but was only verified upon information and belief.

The verification to the complaint was in the following words: "W. S. Huntington, being duly sworn says upon his oath that he is the attorney for the plaintiff in the above entitled cause of action and that he makes

this affidavit for and on behalf of said plaintiff; that the matters and things stated and set forth in the foregoing and above complaint are true in substance and in fact *as he is informed and verily believes."*

If the court had heard oral testimony regarding the facts alleged, it would not be deemed sufficient if the witness or witnesses did not swear positively to their knowledge of the things about which they testified, but only testified that they had been informed of such facts and believed them to be true.

It is apparent that where, instead of receiving oral testimony, an affidavit is received as the only evidence, such affidavit should be as direct and positive as if the witness were testifying in open court.

It has been expressly decided by this court, as well as by many others, that where the only evidence which a court receives and upon which it acts in appointing a receiver without notice, is a verified petition or complaint, as in this case, such petition must be sworn to in positive terms, and that it is insufficient if it is sworn to upon information and belief. *Mannos* v. *Bishop, etc., Co.* (1914), 181 Ind. 343, and cases cited.

It was therefore error to appoint a receiver in this case, without notice, since the only evidence upon which the court acted was the complaint which was not sworn to except upon information and belief.

It is also contended by the appellant that the complaint does not disclose sufficient facts to justify the appointment of a receiver without notice.

To justify the appointment of a receiver without notice, not only must one of the statutory causes for the appointment exist, but *each* of the following conditions must be shown, namely, that the property is about to be wasted or removed beyond the jurisdiction of the court; that delay *until notice can*

*be given* will defeat the object of the suit; that the issuing of a temporary restraining order, or other relief that may be obtained, will not protect the property until notice can be given. *Orin Jessup Land Co.* v. *Lannes* (1923), *ante* 645; *Ryder* v. *Shea* (1915), 183 Ind. 15.

The complaint in this cause sets out that the appellant has liabilities of about $20,000, but does not state the amount of its assets; that about $7,000

3. of its indebtedness is due; that there are unsatisfied judgments against the appellant in the sum of $————, the amount not being stated; that a large number of creditors are about to bring suit against appellant; that appellant has executed a chattel mortgage on its plant and has threatened to give preference to certain of its creditors; that it has borrowed $1,000 within thirty days, which it was unable to repay; that it has no money to meet its current obligations and overdue indebtedness; that appellee has reason to fear and does fear that if the property is left in the hands of the appellant, the appellant will misuse and misapply the same to the injury of the appellee; that the appellant is in imminent danger of insolvency; and other allegations to the same effect, all of which would be proper and material for the court to consider upon a hearing after notice.

It is not shown what amount of judgments have been obtained against the appellant, or that any executions have been issued thereon or *are likely to be before notice can be given.* It is not shown that there is danger of any of the property being removed from the state.

If the appellant is threatening to convey any property to some of its creditors in preference to others in an illegal manner, it does not appear that a restraining order would not protect the appellee and other creditors.

No facts are alleged which show that the appellee

would be harmed by a delay of a day or two, or why a notice for a hearing at the end of that time cannot be given. It is not shown that the officers of the appellant are not in the county where notice can be promptly served.

Although there are many general statements and conclusions pleaded, we hold that no emergency is shown for the court's exercising the unusual power of appointing a receiver for the appellant when it was not in court and no effort had been made to notify it.

Because of our conclusions upon the foregoing questions, it is not necessary to discuss any other points raised by appellant.

The interlocutory order of the court below, appointing a receiver without notice, is reversed, at the cost of the appellee, and said court is instructed to set aside such appointment.