# TUCKER *v.* TUCKER.

## [No. 24,008.  Filed January 10, 1924.]

1. RECEIVERS.—*Appointment without Notice.—Evidence.—Conclusions in Affidavit.*—Allegations in a verified complaint for the appointment of a receiver that, unless a receiver was appointed without notice, a business would be destroyed, and that notice would jeopardize the safety of the business, could have no weight as evidence of any facts at all, as they were merely the conclusions of the pleader.  p. 110.

2. RECEIVERS.—*Appointment without Notice.—Restraining Order Ample Protection.*—An application for the appointment of a receiver for a hotel business, being conducted by a partnership, which alleged that defendant had exclusive possession of the hotel and was taking all the income, and was about to "dispose of said property" showed reason only for issuing a restraining order to forbid the proposed sale pending notice of the application, and not for the appointment of a receiver. p. 110.

3. RECEIVERS.—*Application for.—Allegations of Insolvency.*—A complaint for the appointment of a receiver which alleged that the defendant was an equal partner in a hotel business worth $12,000 did not show that the defendant was insolvent.  p. 110.

4. RECEIVERS.—*Appointment without Notice.—Sufficiency of Evidence.—Statute.*—Under the express provisions of the statute (§1288 Burns 1914), a receiver can only be appointed without notice "upon sufficient cause shown by affidavit," and this means that *facts* must be stated in the affidavit or verified complaint and not opinions or conclusions.  p. 111.

5. RECEIVERS.—*Appointment without Notice.—Restraining Order Ample Protection.*—Property of which a party has possession as owner or joint owner should not be taken from him by the appointment of a receiver without notice where a temporary restraining order forbidding its sale or removal until notice can be given and the application for a receiver heard and determined on its merits.  p. 111.

6. RECEIVERS.—*Appointment without Notice.—Cause for.—Sufficiency.*—To be sufficient, the cause for appointing a receiver without notice must be evidenced by facts from which an emergency arises rendering necessary interference by the court before there is time to give notice in order to prevent waste, destruction or loss, and it must be shown that protection cannot be afforded the plaintiff in any other way.  p. 112.

7. RECEIVERS. — *Appointment. — Dissolution of Partnership.— Summons Necessary.*—In an action for the dissolution of a

partnership, the court could have no jurisdiction to appoint a receiver for the partnership property until a summons had been issued and delivered to the officer for service. p. 112.

From Knox Circuit Court; *Thomas B. Coulter*, Judge.

Action by Wilbur C. Tucker against Lola F. Tucker for the dissolution of a partnership and the appointment of a receiver. From an interlocutory order appointing receiver without notice, the defendant appeals. *Reversed.*

*Curtis G. Shake* and *Joseph W. Kimmell*, for appellant.

EWBANK, C. J.—This is an appeal from an interlocutory order, in vacation, appointing a receiver without notice. Appellee and appellant are husband and wife. Appellee filed a verified complaint alleging that he and appellant were partners, engaged in the operation of a hotel at Vincennes, Indiana, under an agreement to share the profits and losses of such business equally; that said partnership owned personal property used in said business and the good-will thereof, of the total value of $12,000, which could not be separated without loss to all parties, and a bank account which had been subject to the check of either partner; that ten days before the complaint was filed, appellant had transferred the funds from said bank account to an individual account in her own name, and had taken sole possession of all the hotel property and books, and ever since had excluded appellee therefrom, and was converting all the income and profits of such business to her separate use; that she was about to dispose of said property, and there was "danger of the profits, property and good-will being lost, removed or materially injured; that unless a receiver is appointed forthwith and without notice, for said business, the same will be destroyed, and the plaintiff will suffer irreparable damage and loss;

and that notice will jeopardize the safety and the custody of said business." It concluded with a prayer for the dissolution of the partnership, and that a receiver be appointed "forthwith, without notice."

The praecipe of appellant called for "a transcript of the entire record", and the clerk has certified that the transcript contains "copies of all papers and entries in said cause * * * as required by the above and foregoing praecipe." It appears therefrom that no summons was issued and that the defendant (appellant) did not appear, and that the only entry made in the records of the court after the filing of the complaint was made by the court on the same day that it was filed, as follows: "Comes now the plaintiff and asks that a receiver be appointed without notice in the above entitled cause, and the court, having inspected the verified application of the plaintiff for the appointment of a receiver and the complaint, finds that a receiver should be appointed forthwith and without notice. It is therefore ordered by the court that Edgar J. Julian be and he is hereby appointed as receiver", etc. Three days later, the receiver filed his bond, and the next day appellant filed exceptions to the order appointing the receiver without notice, and her own bond in the same amount in which the receiver had been required to give bond, and gave notice of an appeal, and two days later (being the seventh day after the receiver was appointed) perfected the appeal by filing the transcript and her assignment of errors in this court.

The averment in the verified complaint, which we have put in quotation marks, of affiant's conclusions that unless a receiver were appointed without

1-3. notice the business would be destroyed, and that notice would jeopardize the safety of the business, whatever effect they might have as matter of pleading in the formation of issues to which evidence

of the implied facts might be addressed, could have no weight as evidence of any facts at all. And the mere facts, as alleged, that defendant had exclusive possession of the hotel, and was taking all the income, and was about to "dispose of said property", showed no reason for issuing anything more than a restraining order to forbid the proposed sale, pending notice of the application for a receiver; if, indeed, sufficient cause was shown for granting any immediate relief at all, before service of notice. The averment that the defendant was an equal partner in a hotel business worth $12,000, did not show her to be insolvent or unable to account for the current income for a day or two, and the averment that this property consisted of the furniture and good-will of a local hotel showed that it was not subject to be surreptitiously carried beyond the jurisdiction of the court in the few hours necessary for giving notice to one running a hotel in the same city in which the courthouse was located.

A receiver can only be appointed without notice "upon sufficient cause shown by affidavit." §1288 Burns 1914, §1230 R. S. 1881. Which means that facts showing sufficient cause to exist must be stated in the affidavit or affidavits; not mere opinions or conclusions. *General Motors Oil Co.* v. *Matheny* (1916), 185 Ind. 114, 118, 113 N. E. 4; *Kent, etc., Grocery Co.* v. *George Hitz & Co.* (1918), 187 Ind. 606, 609, 120 N. E. 659; *Continental Clay, etc., Co.* v. *Bryson* (1907), 168 Ind. 485, 490, 81 N. E. 210; *Ledger Pub. Co.* v. *Scott* (1923), 193 Ind. 683, 141 N. E. 609.

Property of which a party has possession as owner or joint owner should not be taken from her by the appointment of a receiver without notice, where a temporary restraining order forbidding its sale or removal would be ample for the protection of all interests until notice could be given and the appli-

cation for a receiver heard and determined on its merits. *Kent, etc., Grocery Co.* v. *George Hitz & Co., supra; Ryder* v. *Shea* (1915), 183 Ind. 15, 20, 108 N. E. 104; *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 527, 81 N. E. 494, 11 L. R. A. (N. S.) 960, 11 Ann. Cas. 977.

The cause for appointing a receiver without notice, to be sufficient, must be evidenced by the existence of facts from which an emergency arises rendering 6. interference before there is time to give notice necessary in order to prevent waste, destruction or loss, and showing that protection cannot be afforded the plaintiff in any other way. *Henderson* v. *Reynolds, supra.*

Moreover, the court could have no jurisdiction to appoint a receiver without notice, in an action for the dissolution of an alleged partnership, until a summons for the defendant had been issued and delivered to the proper officer for service, which the record shows was not done in this case. *Pressley* v. *Harrison* (1885), 102 Ind. 14, 19, 1 N. E. 188; *Alexandria Gas Co.* v. *Irish* (1899), 152 Ind. 535, 536, 53 N. E. 762; *Winona, etc., Traction Co.* v. *Collins* (1904), 162 Ind. 693, 69 N. E. 998.

The judgment is reversed, with directions to set aside the order appointing a receiver.