HIZER *v.* HIZER.

[No. 25,140. Filed December 6, 1929.]

*John G. Reidelbach, Louis A. Reidelbach* and *John M. Spangler,* for appellant.

*Campbell & Emmons,* for appellee.

WILLOUGHBY, J.—On February 27, 1926, the appellee filed in the Fulton Circuit Court, in vacation, a verified complaint alleging as follows:

"Comes now the plaintiff in the above entitled cause, and in the way of a petition for a temporary guardian for said defendant, and his property, or for a receiver says: That said defendant lives 14 miles from Rochester, Indiana, and is a resident of Fulton County, Indiana, and that he is now and has been for more than 6 months last past a person of unsound mind; that said defendant is the owner of personal property in said county in the following particulars, to wit:

"Five head of hogs, worth $125.00; eight shoats, worth $100.00; one sow and three pigs worth $50.00; five head of cows, worth $375.00; ten head of horses, worth $600.00; two hundred bushels of wheat, worth $340.00; corn in the field, worth $80.00; oats in crib, worth $25.00; household goods, worth $50.00; farm implements, worth $10.00; and money on hands and in bank the amount of which is unknown to affiant.

"That said defendant is the owner of 110 acres of land in said county and state, worth $10,000.00. That said defendant has no other property real or personal.

"That said defendant is indebted in the following items, to wit: One mortgage note on said premises in the sum of $4,000; one note of $300.00 due First State Bank of Kewanna, Indiana; one note of $125.00 due said bank; one note of $227.00 due Grass Creek Bank; one note of $36.00 due said Grass Creek Bank; one note of $357.00 due Thomas Harrison; other obligations evidenced by notes and accounts in the sum of $500.00.

"That said defendant declares that he will not pay his debts and that he will not pay the interest on said mortgage which becomes due March 1, 1926, and that he will let said mortgage be foreclosed and said property taken, which foreclosure may be had any time after said first day of March.

"That the interest on said mortgage in the sum of $228.00 will be due March 1, 1926, that the spring taxes due in 1926, will amount to more than $100.00 and will be due on or before the first Monday in May, 1926; that said several notes bear interest at the rate of seven per cent, and for the most part are due, or past due, or will be in a few days.

"That said ten head of horses are a useless expense upon said premises with nothing for them to do, and they are being fed from day to day at a great expense to the property of said defendant; that said defendant is broken down in health and unable to farm said premises and to use said horses, and that the same should be sold.

"That said defendant and his wife, the plaintiff herein, heretofore up to February 9, 1926, lived together on said premises and farm as husband and wife; that, on or about said date, the defendant threatened to take her life, and by his conduct so frightened and alarmed the plaintiff that she is afraid that the defendant will do her bodily harm, and, in consequence thereof, she has left said premises, and ever since has been staying at the homes of friends nearby, and is now afraid to return to the premises of said defendant.

"That said defendant, by reason of his ill health and by reason of his unsoundness of mind, is incapable of taking care of and managing said property and is incapable of transacting his business, and his property aforesaid is going to waste on account of the inability of said defendant to properly care for the same.

"That on the 20th day of February, 1926, a commission consisting of a Justice of the Peace, and two reputable physicians of said county, held an inquest on said defendant, and found him to be of unsound

mind and that he was dangerous to the community, if he be permitted to run at large and that he should be admitted into the Longcliff Hospital for the Insane in said state, and that said disposition of said defendant is now being brought about by the proper authorities and as speedily as the circumstances in the matter will permit.

"That the plaintiff [defendant] is threatening to sell and incumber said property, and he is now in the very act of doing so, and will do so, and unless said property is at once taken from his custody and control, said property and the proceeds thereof will be lost, wasted and destroyed; that the charge of said farm and the care of said stock is being neglected, and said property is going to waste and destruction and that said stock is being neglected and not properly cared for and is in a starved and emaciated condition, and the milk and butter from said cows is being wasted and lost; that in said condition of mind of defendant a temporary restraining order would not accomplish the purpose intended, and said property would, notwithstanding, be lost and destroyed; and that an emergency exists for the immediate appointment of some officer to take charge of said property without notice to said defendant, that the plaintiff as the wife of said defendant has an interest in all of said property of said defendant as herein set out.

"That summons for defendant has been issued and is now in the hands of the Sheriff of Fulton County, Indiana, for service on defendant. That, on or about the 6th day of February, 1926, the plaintiff filed a complaint in said cause setting out the facts of the unsoundness of mind of said defendant, and his inability of managing his estate and transacting business; that summons and notice was ordered by this Court to the defendant returnable on the 29th day of March, 1926; and the same has been placed in the hands of the sheriff of said county; that the defendant has hired attorneys out of the county of Fulton and has declared that he will fight the case for a number of years; and said at-

torneys have indicated and declared that they will take a change of venue from said county and fight the appointment of a guardian as long as possible. That a necessity exists for the immediate appointment for a temporary guardian or receiver herein.

"Wherefore, plaintiff prays for an order from the Fulton Circuit Court appointing a temporary guardian for said defendant, or a receiver to manage his estate until the court shall appoint a guardian legally to manage said estate in a permanent way, and for such other and further relief as may seem just and proper to the court.

"Mayzanna Hizer.

"State of Indiana } SS
County of Fulton }

"Mayzanna Hizer and Lloyd Ware, being duly sworn, upon their oaths say that they and each of them are residents and voters in said county and state; that the matters and things set out in said petition are true.

"Mayzanna Hizer.
"Lloyd E. Ware.

"Subscribed and sworn to before me this 25th day of February, 1926.

"C. C. Campbell,
"Notary Public."

On the same day, summons was issued to the sheriff of Fulton County, Indiana, for defendant, returnable March 29, 1926, and, on the same date, the record shows the following entry, viz.:

"In Vacation

"Plaintiff's verified complaint is now submitted to the judge of the Fulton Circuit Court, in vacation, and said judge, being fully advised in the premises, now finds for the plaintiff on her verified complaint, that a necessity exists for the immediate appointment of a receiver until the further order of the court or judge in vacation, for the property, both real and personal, as well as any money belong-

ing to said defendant, as set out and described in said verified complaint without notice.

"It is further ordered that notice of the filing and pendency of plaintiff's verified complaint herein is ordered to the defendant, returnable March 29, 1926.

"And now William E. Mohler is by the judge appointed such receiver, he to qualify and give bond to the approval of said judge, in the sum of $5,000.00 within five days from this date.

"Upon the filing of said bond, and the approval of the same by said judge, said receiver shall immediately take full and complete charge of all of the property, both real and personal, as well as any moneys belonging to said defendant, as described in said verified complaint.

"Comes now William E. Mohler, and files his bond herein in the sum of $5,000.00 (H. I.), and said bond is now approved by the judge of the Fulton Circuit Court, in vacation, and said receiver is now ordered to take charge of the property described in said verified complaint.

"Reuben R. Carr,
"Judge F. C. C."

The record further shows that on March 3, 1926, in vacation, the defendant filed an appeal bond with the clerk of the Fulton Circuit Court, of Fulton County, Indiana, said appeal bond being in the sum of $5,000. The same was approved by the clerk and judge in vacation and appeal granted.

On March 6, 1926, appellant filed his transcript on appeal in this court, and assigned as error that the court erred in appointing a receiver herein in vacation without notice. There is no evidence upon which to support a finding except the verified complaint or petition. No affidavits were filed.

In order to justify the appointment of a receiver without notice, the defendant must be beyond the jurisdiction of the court or cannot be found, and there must be an emergency making it necessary

to appoint a receiver to prevent waste, destruction or loss of property, or the facts must be such that to give notice will jeopardize the custody or control of the property which is sought by the appointment of a receiver. If a temporary restraining order against the defendant will protect the property in question, a receiver should not be appointed without notice. *Continental Clay, etc., Co.* v. *Bryson* (1907), 168 Ind. 485, 81 N. E. 210; *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 81 N. E. 494, 11 L. R. A. (N. S.) 960, 11 Ann. Cas. 977; *Ryder* v. *Shea* (1915), 183 Ind. 15, 108 N. E. 104; *Kent, etc., Grocery Co.* v. *George Hitz & Co.* (1918), 187 Ind. 606, 120 N. E. 659; *Orin Jessup Land Co.* v. *Lannes* (1923), 193 Ind. 645, 141 N. E. 454; *Ledger Publishing Co.* v. *Scott* (1923), 193 Ind. 683, 141 N. E. 609; *Tucker* v. *Tucker* (1924), 194 Ind. 108, 142 N. E. 11.

In *Ledger Publishing Co.* v. *Scott, supra,* it is held that in application for the appointment of a receiver without notice, a verified complaint or affidavit in support thereof, which is sworn to on information and belief, is not sufficient as evidence to authorize the appointment of a receiver. In the instant case, the verified complaint alleges "that an emergency exists for the immediate appointment of some officer to take charge of said property without notice to said defendant," and said complaint also alleges, "that a necessity exists for the immediate appointment of a temporary guardian *or* receiver herein." These are not allegations of *facts* which would justify the appointment of a receiver without notice.

In *Orin Jessup Land Co.* v. *Lannes, supra,* it is held that a party should not be deprived of his property by the appointment of a receiver in any *ex parte* proceedings except in extreme cases of emergency, and then only when the granting of a temporary restraining order will

not furnish ample protection until notice can be given and the matter judicially determined.

In *Spurgeon* v. *Rhodes* (1906), 167 Ind. 1, 78 N. E. 228, it is held that the mere apprehension or fears of complainant unsustained by facts do not constitute sufficient grounds for the interference of equity by injunction. Not the complainant, therefore, but the court must determine that a wrong is about to be committed which will be irreparable before the relief will be granted. High, Injunctions (4th ed.) §35. This rule is applicable to petitions for the appointment of a receiver.

By §1301 Burns 1926, it is provided that receivers shall not be appointed either in term or vacation in any case until the adverse party shall have appeared or shall have had reasonable notice of the application for such appointment except upon sufficient cause shown by affidavit. It is evident, under said section, that it must appear, either in the verified complaint or by affidavit, not only that there was a cause for the appointment of a receiver, but that there was cause for such appointment without notice. If sufficient cause for not giving reasonable notice is not shown by affidavit, the appointment is forbidden by such section and is erroneous. *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339.

On an application for the appointment of a receiver without notice, the only evidence admissible is the verified complaint and the affidavits filed therewith. The affidavits must set out facts showing not only necessity but must also show necessity for not giving notice to the adverse party. *Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56, 32 N. E. 823; *Marshall* v. *Matson, supra; Mannos* v. *Bishop-Babcock-Becker Co.* (1914), 181 Ind. 343, 104 N. E. 579; *Ryder* v. *Shea, supra.* A mere statement of opinion or conclusions as to such

necessity, even though made under oath, will not justify the appointment of a receiver without notice. *Continental Clay, etc., Co.* v. *Bryson, supra; General Motors Oil Co.* v. *Matheny* (1916), 185 Ind. 114, 113 N. E. 4; *Tucker* v. *Tucker, supra.*

The cause for appointing a receiver without notice must be evidenced by the existence of facts from which an emergency arises, rendering interference before there is time to give notice necessary in order to prevent waste, destruction or loss, and showing that protection cannot be afforded the plaintiff in any other way. *Tucker* v. *Tucker, supra.* The evidence in this case is not sufficient to justify the appointment of a receiver without notice.

The judgment is reversed, with directions to set aside the order appointing a receiver.