HOOSIER NATIONAL LIFE INSURANCE COMPANY *v.* GARY ELECTRIC CO. ET AL.

[No. 27,113.  Filed October 31, 1938.]

*Harold C. Hector* and *Fred F. Eichhorn,* for appellant.

*George Sheehan,* for appellees.

SHAKE, J.—This is an appeal from an interlocutory order of Lake Superior Court, Room 3, appointing a receiver for the appellant without notice.  The errors

assigned are these: that the court below was without jurisdiction and that the complaint does not state facts sufficient to justify the appointment without notice.

The complaint was in the nature of an action on account and alleged that the appellant was a life insurance corporation organized under the laws of this state. Section 39-218 Burns' Ann. St. 1933 (§9706 Baldwin's Ind. St. 1934), is as follows: "No order, judgment or decree, providing for an accounting or enjoining, restraining or interfering with the prosecution of the business of any insurance corporation, association or society, organized or doing business under the provisions of this act, or appointing a temporary or permanent receiver thereof, shall be made or granted otherwise than upon the application of the attorney-general on his own motion, or after his approval of a request in writing therefore by the auditor of state, except in an action by a judgment creditor or in proceedings supplementary to execution." Since appellant has made out a prima facie case of error and since appellees have not filed any brief in support of the order appealed from, we would be justified in sustaining the claim that the court below was without jurisdiction.

But if §39-218 Burns 1933 (§9706 Baldwin's), *supra,* were not applicable to the case, the appointment of this receiver could not stand. A complaint verified on information and belief is not sufficient evidence to authorize the appointment of a receiver without notice. *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 81 N. E. 494. Nor was the allegation of emergency sufficient. The substance of this allegation is merely that if notice is required to be served, certain persons in control of the corporation will remove its assets from the jurisdiction of the court. It has many times been held that a receiver will not be appointed without notice

when the emergency may be met by a restraining order. A restraining order would have afforded ample relief in this case until such time as notice could have been given. See *Tucker* v. *Tucker* (1924), 194 Ind. 108, 142 N. E. 11.

The cause is reversed, with directions to set aside the order appointing a receiver for the appellant without notice.