H-A CIRCUS OPERATING CORPORATION. *v.*
SILBERSTEIN ET AL.

[No. 27,156. Filed April 3, 1939.]

414

 

*Rhodes & Rhodes,* for appellant.

*Charles A. Rich,* for appellees.

TREMAIN, C. J.—The appellees filed their complaint in the Miami Circuit Court in which they alleged that the appellant, and Hagenbeck-Wallace Circus Company, and Howard Y. Bary, doing business as the Hagenbeck-Wallace Circus, were indebted to them upon written contracts; that prior thereto they filed a suit, asking that a receiver be appointed to take charge of the defendant's property, in the Circuit Court of Jackson County, Missouri, at Kansas City, and John R. James of Kansas City was appointed receiver; that the defendants owned intangible property in Miami County, Indiana; and they ask that a receiver ancillary to said James be appointed by the Miami Circuit Court.

Upon a verified application the court appointed a receiver without notice to appellant. This appeal is from that order. The errors assigned for reversal are: (1) The court erred in appointing a receiver without notice, and (2) the finding and order of the court are not sustained by sufficient evidence and are contrary to law.

The appellant asserts that the complaint is improperly verified and insufficient because it is made by an attorney to his "best knowledge and belief." An examination of the verified application for a receiver filed with the complaint discloses that it was verified by plaintiff's attorney as follows:

"That the matters and things set forth in the above and foregoing application for receiver without notice is true in substance and in fact."

This verification is sufficient and is not based upon information and belief.

Appellant further contends that the facts contained in the application are insufficient to warrant the appointment of a receiver without notice. Among other things the application alleges:

"That said defendant has removed most of its property out of the State of Indiana and beyond the jurisdiction of this Court, and that said defendant is purported to have certain intangible personal property within this jurisdiction, and that unless a Receiver is appointed for said property immediately, the same will likely be destroyed and/or moved out of the jurisdiction of this Court, and that these plaintiffs and other creditors of said defendant will lose said property, and that these plaintiffs have no adequate remedy at law to protect said property and prevent its removal from this jurisdiction because of the nature of said property."

The verified application, together with other proof, part of which consisted of a certified copy of the judgment of the Circuit Court of Jackson County, Missouri, appointing James as receiver, was introduced in evidence.

The appointment of a receiver without notice is permissible. Section 3-2602 Burns' Ind. St. 1933, section 1156 Baldwin's Ind. St. 1934, provides:

"Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, *except upon sufficient cause shown by affidavit.*"

The exception to that section of the statute, in the proper case, warrants the appointment of a receiver without notice, and such appointment has been held

to be legal. *Brock* v. *Rudig* (1919), 69 Ind. App. 190, 119 N. E. 491.

Appellant objects to the showing made in the application for a receiver for the reason that the intangible personal property is not particularly described. It is not necessary that the verified application for the appointment of a receiver without notice particularly describe the property where it is about to be wasted or removed from the jurisdiction of the court. *Ryder* v. *Shea* (1915), 183 Ind. 15, 108 N. E. 104; *Ledger Publishing Company* v. *Scott* (1923), 193 Ind. 683, 141 N. E. 609.

It is true that there are many decisions of this court holding under the facts there involved a receiver shall not be appointed without notice. Here, in addition to the verified application, is the certified copy of the judgment of a sister state in which a receiver was appointed for the defendants. An ancillary receiver in this state is alleged to be necessary in order to protect the assets of the appellant located in Indiana, for the reason that the receiver appointed in the State of Missouri cannot, by virtue of that appointment, extend his jurisdiction beyond that of the court appointing him.

In *Security Savings and Loan Association et al.* v. *Moore* (1898), 151 Ind. 174, 50 N. E. 869, it is shown that a receiver had been appointed for the appellant in the State of Minnesota; that it had assets in this state, and asked that an ancillary receiver be appointed in this state. The receiver was appointed upon application without notice. The court stated that under the facts there involved it was unable to discover any error upon the part of the trial court in the appointment of a receiver without notice. The fact is emphasized that a receiver had theretofore been appointed in the State of Minnesota, and, in so far as the necessity for a receiver was concerned, that question had been settled.

The court concluded its opinion as follows (page 178) :

"It could not be questioned, as shown by the transcript of the proceedings of the Minnesota court, filed by appellants, that the condition of the affairs of the appellant association fully justified the appointment of the receiver by that court. That consideration alone is sufficient to vindicate the action of the court below in appointing the receiver here. The trial court will determine what further action is just and equitable in the premises. Judgment affirmed."

In the case at bar the question of the necessity of a receiver was settled by the judgment of the Missouri court. With that judgment before the court and the positive showing that certain intangible property was present in Miami County, and that some of it had been removed from the state and the remainder was liable to be removed if notice were given, this court is not in a position to say that the trial court abused its discretion in appointing an ancillary receiver.

Judgment affirmed.