MORRIS ET AL. *v.* NIXON.

[No. 28,120.   Filed  October  3,  1945.]

*Faust, Faust & Faust* and *Daily, Daily & Daily,* all of Indianapolis, for appellants.

*Bingham, Cook & Bingham,* of Indianapolis, for appellee.

STARR, J.—This is an appeal from an interlocutory order, appointing a receiver without notice. Appellee filed her verified complaint in the court below which prayed for the appointment of a receiver without notice, and on the date that the cause was commenced, such receiver was so appointed.

By a proper assignment of error, appellants call in question the action of the trial court in making the appointment of the receiver in the absence of notice of such appointment.

Section 3-2602, Burns' 1933, provides as follows:

"Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit."

As no affidavits were filed in support of appellee's verified complaint, the court can look only to the allegations of fact set out in said complaint, in determining the sufficiency of the showing to dispense with the necessity of notice. *The Sullivan Electric Light, and Power Co.* v. *Blue* (1895), 142 Ind. 407, 41 N. E. 805; *Kent, etc., Grocery Co.* v. *George Hitz & Co.* (1918), 187 Ind. 606, 120 N. E. 659. In a case of this kind the complaint must not only allege sufficient reason for the appointment of a receiver, but there must also be a showing that an emergency is imminent requiring such appointment without notice *Largura Const. Co.* v. *Super-Steel Products Co.* (1939), 216 Ind. 58, 22 N. E. (2d) 990; *Kent, etc., Grocery Co.* v. *George Hitz & Co., supra; Ryder* v. *Shea* (1915), 183 Ind. 15, 108 N. E. 104.

The substantial allegations of the verified complaint upon which the appellee attempts to show the necessity for the appointment and emergency for granting the same without notice are as follows: That the appellee's decedent at the time of his death owned and operated a restaurant business in the city of Indianapolis including "furnishings, equipment, inventory and property" used in said business; that all of said property is a part of the assets of decedent's estate; that the same is now in possession of appellants who have converted the same to their own use, and are now operating said business as their own, and by such conduct are using up the inventory and equipment of said business; that the

appellants have excluded the appellee from said restaurant and have refused upon demand to turn said property over to her or to account to her for the proceeds accruing from said business, but are converting the same to their own use. Appellee finally alleges:

> "That said defendants claim and assert an interest in and to said assets and business; that an emergency exists and that a receiver therefor should be appointed immediately and without notice to take and preserve said assets and to operate said business under the orders of this court until all rights as to said property and business may be legally determined and to prevent irreparable loss; and that unless a receiver is appointed forthwith the assets and profits in controversy will be lost, removed and consumed and that the same constitute the principal assets of the estate and to the end that ample justice may be obtained."

The appointment of a receiver *ex parte* is granted only in a case of the greatest emergency and, unless it appears that the rights of petitioner cannot be protected in any other way, such appointment will not be made. *Kent, etc., Grocery Co.* v. *George Hitz & Co., supra; Ryder* v. *Shea, supra.* As was pointed out in *Largura Const. Co.* v. *Super-Steel Products Co., supra,* of the many cases appealed to this court from the appointment of a receiver without notice, scarcely any has been affirmed.

This complaint shows that the appellants were operating the restaurant in the same city in which the court was held which acted upon the petition. There is no allegation that they kept themselves concealed, or out of the jurisdiction of the court so that notice could not be served upon them. There is no reason shown why a restraining order could not have been issued and served on the appellees at the time that the petition was filed restraining them from

removing, restraining or disposing of any of the property in question until a notice and hearing could be had on the application for the appointment of a receiver, and there is no showing that such restraining order would not have been ample to protect the property until such hearing on said petition could have been had. Such being the case, said receiver, without notice, was wrongfully appointed. *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 81 N. E. 494; *Ledger Publishing Co.* v. *Scott* (1923), 193 Ind. 683, 141 N. E. 609; *Tucker* v. *Tucker* (1924), 194 Ind. 108, 142 N. E. 11; *Hizer* v. *Hizer* (1929), 201 Ind. 406, 169 N. E. 47; *Hawkins* v. *Aldridge* (1937), 211 Ind. 332, 7 N. E. (2d) 34. Furthermore, a showing of diligence is required to warrant the appointment of a receiver without notice. The complaint is silent as to when the appellants took possession of the business and therefore there is nothing in said complaint to show that the appellee could not have reasonably anticipated the injury complained of in time to have given notice of the application for a receiver. *Henderson* v. *Reynolds, supra.*

And finally, it is the law of this state that a receiver will not be appointed in any case where the plaintiff has a remedy at law unless there is a showing that the remedy would not be adequate or effectual. *Hawkins* v. *Aldridge, supra; Miller* v. *St. Louis Union Trust Co.* (1931), 202 Ind. 688, 178 N. E. 1; *Mannos* v. *Bishop-Babcock-Becker Co.* (1914), 181 Ind. 343, 104 N. E. 579. Section 6-2201, Burns' 1933, makes every person who intermeddles with the property of a decedent's estate liable to said estate for the full value of the property converted, or to the extent of the injury to said estate occasioned by such intermeddling, and ten (10) per cent damages in addition thereto, and the court in trying such case may adjudge the return

of any property remaining in the control of the inter-meddler and may enforce compliance with any judgment in such suit by attachment or imprisonment in the discretion of the court, and an execution on such judgment shall not be subject to stay of replevin-bail and shall be without relief from valuation or appraisement laws and returnable in ninety (90) days. In view of the fact that there was no allegation in the complaint showing that the appellants are insolvent or in imminent danger of insolvency, it is our opinion, in this particular case, the appellee failed to show that she did not have a complete and adequate remedy at law.

The interlocutory order appointing a receiver is therefore reversed and the lower court is directed to vacate the same.

NOTE.—Reported in 62 N. E. (2d) 772.