HAMETIC LODGE BUILDING ASSOCIATION, INC., ET AL. *v.* ESTERS

[No. 28,286. Filed May 23, 1947.]

*William L. Briggs* and *Cecil A. McCoy*, both of Fort Wayne, for appellants.

*John W. Kenny*, of Fort Wayne, for appellee.

O'MALLEY, J.—This matter arose upon application for a receiver without notice. The verified complaint constituted the evidence given on the hearing, and at the conclusion the court appointed a receiver.

The appellee claims that the appeal is from the overruling of the motion to set aside and that no question is presented. However, the record does not seem to support the contention of the appellee.

The cause was filed and the receiver was appointed on the same day. Part of the defendants were served with summons on the date of the filing and part were served on the following day. A special appearance was entered on the day following the appointment of the receiver, and a motion to set aside the receivership was then filed. The motion was overruled two days later.

This appeal was taken within ten days from the appointment and the assignment of error is that "The court erred in entering the order appointing the receiver without notice to appellants, . . . . . ." It is clear that the question here presented is based upon the appointment of the receiver without notice.

The complaint requested damages, an accounting, and the immediate appointment of a receiver without notice.

It alleged that the defendant, Hametic Lodge Building Association, Inc., was in imminent danger of insolvency in that its officers and directors had wrongfully and fraudulently secreted and disposed of certain assets by wrongfully acquiring the stock held by the Hametic Lodge No. 428, Improved Benevolent and Protective Order of Elks of the World; that such stock was acquired without notice to the directors and stockholders of the corporation and that this action reduced and impaired the book value of the stock of the plaintiff and rendered the corporation insolvent or in imminent danger of insolvency. It further alleged that the directors and officers wrongfully assigned to Hametic Lodge No. 428, Improved Benevolent and Protective Order of Elks of the World, all of the cash belonging to the corporation excepting $700; that an inspection of the books and papers of the appellant was requested and refused; that said action was detrimental to the rights of the appellée; that the stock of the corporation was greatly depreciated in value and the corporation was thereby rendered insolvent or in imminent danger thereof; that the officers threatened to dissolve the corporation and refused to collect rents and profits belonging to the same; that the officers and directors refused to account for monies received and secreted and misappropriated the same; and that an emergency existed for the appointment of a receiver without notice. The complaint was verified but contained no pertinent facts excepting as set out above.

In the case of *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 527, 81 N. E. 494, 496, this court had before it a proceeding wherein the question of appointing a receiver without notice was involved. In that case it was said:

"The exceptional cases are when the defendant is beyond the jurisdiction of the court, or cannot be found, or when some emergency is shown rendering interference before there is time to give notice, necessary to prevent waste, destruction, or loss; or when notice itself will jeopardize the delivery of the property over which the receivership is extended in obedience to the order of the court. It must be a case of imperious necessity, requiring immediate action and where protection cannot be afforded the plaintiff in any other way. *Continental, etc., Min. Co.* v. *Bryson* (1907), *ante,* 485, and authorities cited; *Chicago, etc., R. Co.* v. *Cason* (1892), 133 Ind. 49, 51; High, Receivers (3d ed.), §§ 113, 117; Beach, Receivers (2d ed.), §§ 140-143.

"It has been held that a receiver will not be appointed without notice when a court, as in this State, has the power to grant a temporary restraining order, without notice, and the same is ample to protect the property until notice is given and the application for a receiver heard and determined."

In *Kent, etc., Grocery Co.* v. *George Hitz & Co.* (1918), 187 Ind. 606, 608, 609, 120 N. E. 659, 660, this court in deciding whether or not a receiver should be appointed, used the following language:

"It has been held that a receiver will not be appointed without notice when a court, as in this state, has authority to grant a temporary restraining order without notice, and where the issuance of such an order would afford ample protection until notice can be given and the matters presented can be determined after a hearing."

See *Indiana Merchants' Protective Assn.* v. *Little* (1930), 202 Ind. 193, 172 N. E. 905.

In *Morris* v. *Nixon* (1945), 223 Ind. 530, 62 N. E. (2d) 772, it was stated that in a proceeding of the kind under consideration, it must be shown that there is no legal remedy that would be adequate or effectual. It was further declared that a receiver was wrongfully

appointed in that case, since there was no showing that a restraining order would not be sufficient to protect the interest of the moving party.

It has been held repeatedly by this court that, when a restraining order will protect the property in question, a receiver should not be appointed without notice. *Tormohlen* v. *Tormohlen* (1936), 210 Ind. 328, 1 N. E. (2d) 596.

In the above case it is declared that the complaint and affidavits must state facts showing the necessity for the immediate appointment and that allegations of opinions and conclusions are not sufficient. It is there held that the facts alleged must show an emergency which renders it necessary to act before notice is given, so that waste, destruction, or loss of the property may be avoided. From the above case and others which could be cited, it appears to be the rule that the moving party must show by facts that the loss, destruction, or waste of the property cannot be avoided by any other available remedy.

It is not sufficient to show that a receiver is necessary, but it must also be shown that there is a necessity for not giving notice to the adverse party before the appointment. *Hizer* v. *Hizer* (1929), 201 Ind. 406, 169 N. E. 47; *Hampton* v. *Massey* (1939), 215 Ind. 247, 19 N. E. (2d) 464. See *Industrial Machinery Co.* v. *Roberts* (1947), *ante*, p. 1, 72 N. E. (2d) 223.

The facts presented to the court in this proceeding have been set out. We have tried to show the allegations as they are in the record. From beginning to end the showing demonstrates that the appelle relied on allegations of opinions and conclusions to secure favorable action in the lower court. No facts are shown that a restraining order would not give ample protection,

nor are any facts shown from which an emergency could be inferred.

On the record before us, it seems to us that this cause must be and it is hereby reversed, and the lower court is hereby directed to set aside the order appointing the receiver.

NOTE.—Reported in 73 N. E. (2d) 46.