ROTAN ET AL. *v.* CUMMINS.

[No. 29,486. Filed February 28, 1957.]

*Phillip J. Badell,* of Rushville, *Paul T. Rochford,* and

*Rochford, Blackwell & Rochford,* of Indianapolis, for appellant.

*James S. Foster,* of Rushville, for appellee.

PER CURIAM.—This is an appeal from an order appointing a receiver without notice in an action for dissolution of a partnership and an accounting. The material portions of the verified complaint and affidavits filed in support of the prayer for appointment of a receiver without notice allege in substance the following:

On or about November 1, 1955, appellee and appellants entered into a partnership for the purpose of operating a farm in Rush County. Under the terms of the agreement appellee was to furnish all machinery and equipment, gasoline and oil and one-half of the fertilizer and seed used. Appellant Wilson was to furnish the labor for the production of crops and appellant Rotan was to "make available" the farm and to pay for the other half of the seed and fertilizer. Appellee was to receive 25%, appellant Wilson 25% and appellant Rotan 50% of the proceeds of the operation. The agreement was fully performed by all involved until about September 28, 1956. Crops of corn, soy beans and oats were planted and cultivated; the oats crop was harvested and sold and the proceeds divided according to the agreement. On or about September 28, 1956, appellant Wilson, acting for himself and appellant Rotan, informed appellee that he and Rotan did not intend to allow him to participate in any further profits of the farm operation, and ordered him to stay off the partnership farm. In a conversation ten days prior to this event Wilson informed appellee's attorney that he did not intend to allow appellee to participate in the proceeds of the partnership operation.

The complaint was filed on October 1, 1956, and summons issued on the same day. The complaint alleged

that the assets of the partnership at that time consisted of twenty-five (25) acres of growing soy beans, which were then ready to be harvested, and eighty (80) acres of growing corn, which would be ready to be harvested about November 1, 1956. It alleged further that the growing crops could not be sold without great loss to all parties, that said crops had to be tended, cultivated and harvested and that appellants, if permitted, would harvest the crops and appropriate all proceeds to their own use. Finally, it alleged that notice to appellants would jeopardize the safety and custody of the property for which a receiver was sought.

The policy against the appointment of receivers ". . . until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, . . . ." is of long standing in this state. Acts 1881 (Spec. Sess.), ch. 38, §253, p. 240, §3-2602, Burns' 1946 Repl. Such appointments are prohibited except ". . . upon sufficient cause shown by affidavit," and, though the language of the exception is general, the long history of its judicial construction shows it to be extremely narrow. The reasons for such a policy are not obscure or difficult, have been repeatedly explained, and need not be discussed here. *Meyering* v. *Petroleum Holdings, Inc.* (1949), 227 Ind. 313, 321, 86 N. E. 2d 78.

This court has never questioned or deviated from the proposition that a receiver without notice can not be appointed unless the moving party shows by verified complaint or affidavit that neither the ordinary procedure for appointment, which requires notice to be given, nor an attachment or restraining order until notice can be given and a receiver appointed, is an adequate remedy. *Second Real Estate Investments, Inc.* v. *Johann, Jr., Adm. dbn, et al.* (1953), 232 Ind. 24, 111 N. E. 2d 467; *Johann, Sr.* v. *Johann, Jr.,*

*et al.* (1953), 232 Ind. 40, 111 N. E. 2d 473; *Meyering* v. *Petroleum Holdings, Inc.* (1949), 227 Ind. 313, 86 N. E. 2d 78, *supra; Hametic Lodge Bldg. Assn., Inc. et al.* v. *Esters* (1947), 225 Ind. 118, 73 N. E. 2d 46; *Morris* v. *Nixon* (1945), 223 Ind. 530, 62 N. E. 2d 772; *Largura Construction Co., Inc.* v. *Super-Steel Products Co. et al.* (1939), 216 Ind. 58, 22 N. E. 2d 990; *H-A Circus Operating Corp.* v. *Silberstein, et al.* (1939), 215 Ind. 413, 19 N. E. 2d 1013; *Hoosier National Life Ins. Co.* v. *Gary Electric Co.* (1938), 214 Ind. 597, 17 N. E. 2d 85; *Hawkins* v. *Aldridge* (1937), 211 Ind. 332, 7 N. E. 2d 34, 109 A. L. R. 1205; *Tormohlen* v. *Tormohlen* (1936), 210 Ind. 328, 1 N. E. 2d 596; *Indiana Merchants' Protective Assn., Inc.* v. *Little* (1930), 202 Ind. 193, 172 N. E. 905; *Hizer* v. *Hizer* (1929), 201 Ind. 406, 169 N. E. 47; *Tucker* v. *Tucker* (1924), 194 Ind. 108, 142 N. E. 11; *Ledger Publishing Co.* v. *Scott* (1923), 193 Ind. 683, 141 N. E. 609; *Orin Jessup Land Co.* v. *Lannes* (1923), 193 Ind. 645, 141 N. E. 454; *Kent Avenue Grocery Co.* v. *George Hitz and Co.* (1918), 187 Ind. 606, 120 N. E. 659; *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 81 N. E. 494; *Continental Clay & Mining Co.* v. *Bryson* (1907), 168 Ind. 485, 81 N. E. 210.

Cases meeting that standard in this court have been few. *Meyering* v. *Petroleum Holdings, Inc. et al.* (1949), 227 Ind. 313, 86 N. E. 2d 78, *supra,* illustrates the kind of circumstances which must be alleged. In that case the potential damage to the interests of the moving party which justified the appointment without notice was due to a failure on the part of the adverse parties to perform certain affirmative acts, *i. e.* their failure to drill certain oil wells on leaseholds of which they and the plaintiff were joint owners. The adverse parties were non-residents and had no agents in this state upon whom notice or process could be served; service by publication would

have required fifty-one (51) days, and during that period the failure to drill the said wells would have resulted in substantial damage to the plaintiff. The inadequacy of an appointment with notice or of a restraining order in such circumstances is obvious. *H-A Circus Operating Co.* v. *Silberstein* (1939), 215 Ind. 413, 19 N. E. 2d 1013, *supra,* and *Security Savings and Loan Assn. et al.* v. *Moore* (1898), 151 Ind. 174, 50 N. E. 869, display other situations justifying the appointment of a receiver without notice. In each case a receiver for insolvency had been appointed outside of Indiana; in each, therefore, there had already been an adjudication of the insolvency of the adverse party and the necessity of a receiver to protect his assets. In *Security Savings and Loan Assn. et al.* v. *Moore, supra,* the foreign receiver was removing the assets from Indiana. In *H-A Circus Operating Co.* v. *Silberstein, supra,* the adverse party himself was removing his assets from the state.

When we turn to the complaint in issue and its appurtenant affidavits, it is clear that the case they allege falls far short of the standard we have discussed. It is true that a receiver will ordinarily be appointed to preserve assets during the dissolution of a partnership. *Maple* v. *McReynolds et al.* (1935), 208 Ind. 338, 196 N. E. 3. But it is nowhere alleged that there has been any adjudication of the necessity of a receivership. Appellants here are residents of Indiana; the giving of notice would not have required any extraordinary delay. The only potential damage alleged flows from the threat that appellants would harvest and sell certain crops without permitting appellee to share in the proceeds. It is not alleged that appellants are insolvent or about to become insolvent, or that there are creditors who are about to file or who

have filed suits which will dissipate those proceeds.

Finally, there is no showing of any kind which would justify the conclusion that a restraining order, with a bond filed to protect the interests of appellants, would not completely protect the interests of appellee. It is not alleged that the crops involved are so perishable that substantial damage would occur should an order issue restraining appellants from selling the crops until after hearing on the appointment of a receiver could be had. It is not alleged that appellants were transferring or were about to transfer partnership assets or their proceeds beyond the jurisdiction of the court. Indeed, it appears from a petition filed by the receiver appointed below that the soy bean crop was sold by appellants to an elevator company on or about October 1, 1956, and it appears further that the proceeds of that crop were held by the elevator company until it was ordered by the court to deliver the same to the receiver. There is nothing to show that an order temporarily restraining the elevator company from delivering the said proceeds to appellants could not have accomplished the same result, without resort to one of the most drastic remedies known to our civil law.

The order appointing a receiver is reversed.

NOTE: Reported in 140 N. E. 2d 505.