## RYDER ET AL. *v.* SHEA ET AL.

[No. 22,460. Filed March 9, 1915.]

1. APPEAL.—*Order Appointing Receiver.—Objections.—Exceptions.*—Under §1289 Burns 1914, §1231 R. S. 1881, providing that in all cases in which a receiver may be appointed or refused, the party aggrieved may, within ten days thereafter, appeal to the Supreme Court without awaiting the final determination of the case, it is not required that defendants appealing from an order appointing a receiver, made, without notice or opportunity to object, on the day that the complaint was filed, should first move to set aside the order and reserve an exception. p. 18.

2. RECEIVERS.—*Appointment.—Statutes.*—Under §1288 Burns 1914, §1230 R. S. 1881, prohiitbing the appointment of a receiver until the adverse party shall have appeared, or shall have had reasonable notice of the application, except upon sufficient cause shown by affidavit, a court is not justified in appointing a receiver without notice when the petition does not show that the property is

about to be wasted or removed beyond the jurisdiction of the court, and that delay might entirely defeat the object of the suit. p. 19.

3. RECEIVERS.—*Application.*—*Sufficiency.*—An application for a receiver by the lessees of premises in the possession of one holding under a former lessee, alleging that the premises were equipped and used for a saloon, restaurant and rooming house, that plaintiffs are entitled to the possession of the premises and to the profits and other benefits incident to the favorable location, that such possession is being denied them, and that the business is being dissipated, but which does not show that plaintiffs have purchased or sought to purchase any interest in the saloon, restaurant and rooming house business, was not sufficient to authorize the appointment of a receiver without notice. p. 20.

From Vigo Circuit Court; *Charles M. Fortune,* Judge.

Action by Albert Shea and another against David Ryder and another. From an interlocutory order appointing a receiver, the defendants appeal. *Reversed.*

*Walker & Blankenbaker* and *McNutt, Wallace & Sanders,* for appellants.

*Elmer F. Williams* and *Roach & Ballard,* for appellees.

SPENCER, J.—Appellees brought this action in ejectment against appellants to recover possession of certain described real estate in the city of Terre Haute, and for damages for its unlawful detention. Appellees also petitioned for the appointment of a receiver without notice to take charge of the property in question and from an interlocutory order making such an appointment this appeal is prosecuted.

The petition for the appointment of a receiver alleges in substance that on June 8, 1908, one Frederika Zimmerman was the owner of the real estate in question and on that date executed and delivered to the defendant, Terre Haute Brewing Company, a lease on the real estate and the building situated thereon for a period of five years, from August 27, 1908, to August 27, 1913, with power to sublet the premises at the option of the Terre Haute Brewing Company; that on the — day ———, 1908, said company sublet the premises to the defendant, David Ryder, for the

period covered by the lease; that Ryder has since had and held possession of the real estate only under and by virtue of the lease from the brewing company, which expired August 27, 1913; that since August 27, 1913, neither the Terre Haute Brewing Company nor David Ryder has had any interest in or right to the possession of said real estate. The complaint further alleges that on the — day of ————, 1913, Frederika Zimmerman executed and delivered to appellees a lease in writing on said real estate and the buildings thereon situated for a period of five years from August 28, 1913, to August 28, 1918, both inclusive; that under and by virtue of the last mentioned lease, appellees are now, and since August 28, 1913, have been entitled to the possession of the real estate and the building thereon, of which fact appellants had knowledge prior to August 28, 1913. That the building on the real estate consists of a first, or ground floor of two storerooms, one of which is specially fitted up for occupation by a saloon for the sale of intoxicating liquors and the other for occupation by a restaurant, and a second story which is subdivided into small apartments, or rooms, for occupation as living rooms and other purposes; that Ryder is now, and since August 27, 1913, has been conducting a saloon, a restaurant and lodging apartments in the building, and is now and ever since that date has been collecting and appropriating to his own use the income, proceeds, rents and profits from each of said businesses, and will continue so to collect and appropriate such income, proceeds, rents and profits unless a receiver is appointed as prayed for. It is also alleged that appellant Ryder is threatening to continue to retain possession of said property and conduct said businesses, contrary to the rights of appellees, and that if he is permitted to continue in possession of the premises, pending a decision in the principal action in ejectment and to collect the income, proceeds, rents and profits as aforesaid, appellees will suffer great and irrepara-

ble loss and damage for which they will have no recourse either at law or in equity. The petition also charges that Ryder is not caring for or fostering the trade and custom of the saloon, restaurant and lodging apartments but is dissipating and losing the same, all to appellee's damage. The pleading as a whole is lengthy and filled with detail, but, in view of the conclusion herein reached, we deem it unnecessary to set out in this opinion more than a concise statement showing the theory of the petition and the facts which, it is charged, necessitated the appointment of a receiver without notice.

Appellees meet this appeal at the outset with the contention that as appellants entered no exception to the order of the trial court in appointing the receiver, no question is properly presented at this time. Ordinarily, an exception is taken either when the trial court has made a ruling over a party's objection or when the court has refused to grant a motion, petition or other request of a party. In each instance the party whose objection is overruled or whose request is denied is in court, at least for the purposes of the action complained of, and may properly be required to take an exception to such rulings as he desires to challenge on appeal. In the case at bar, however, it appears that the order appointing the receiver was entered on the same day that the complaint was filed and the summons issued. The summons was not returnable until ten days later and no appearance had been entered by either of the defendants. They were not in court and neither was in position to reserve an exception to the order complained of. On the day following the entry of such order, appellant Ryder filed his bond and took this appeal. The statute (§1289 Burns 1914, §1231 R. S. 1881), expressly provides that "In all cases hereafter commenced or now pending in any of the courts of this state, in which a receiver may be appointed or refused, the party aggrieved may, within ten days thereafter, appeal from the decision of the court to the supreme

court, without awaiting the final determination of such case." Our code of procedure nowhere provides that in cases like the present the party aggrieved shall first move to set aside the order of appointment and reserve an exception to an adverse ruling nor does it contemplate that a party not in court shall be required to reserve an exception to a ruling against which he has had no opportunity to offer an objection. We hold that the procedure adopted in this case is sufficient to present properly the error complained of.

Section 1288 Burns 1914, §1230 R. S. 1881, provides that "Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit." In applying this statute it has been held that a court is not justified in appointing a receiver without notice when the petition does not show that the property is about to be wasted or removed beyond the jurisdiction of the court and, further, that delay in granting the relief asked might entirely defeat the object of the suit. *Marshall* v. *Matson* (1908), 171 Ind. 238; *Sullivan Electric, etc., Co.* v. *Blue* (1895), 142 Ind. 407; *Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56; *Chicago, etc., R. Co.* v. *Carson* (1892), 133 Ind. 49. The facts set out in the affidavit required under the statute must not only show necessity for the appointment of a receiver in the first instance but must also show necessity for not giving notice to the adverse party. *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 11 L. R. A. (N. S.) 960, 11 Ann. Cas. 977; *Marshall* v. *Matson, supra; Wabash R. Co.* v. *Dykeman, supra.* The rule is thus concisely stated in *Henderson* v. *Reynolds, supra,* at page 527: "By the established practice, independent of statute, courts of equity, being averse to interference *ex parte,* will entertain in ordinary cases an application for the appointment of a receiver only after notice to defendant or a rule to show cause. High, Receivers (3d ed.),

§§111, 112.   The exceptional cases are when the defendant is beyond the jurisdiction of the court, or can not be found, or when some emergency is shown rendering interference before there is time to give notice, necessary to prevent waste, destruction, or loss; or when notice itself will jeopardize the delivery of the property over which the receivership is extended in obedience to the order of the court.   It must be a case of imperious necessity, requiring immediate action and where protection can not be afforded the plaintiff in any other way.''   The same case further holds that a receiver will not be appointed without notice when the court can, by issuing a temporary restraining order, protect the property in question until notice can be given and the application for a receiver heard and determined.

It will be observed that there is no contention in the case at bar that appellees have purchased or sought to purchase any interest in the saloon, restaurant and lodging house businesses operated by appellant Ryder, their 3. entire contention being that they are entitled to the possession of the real estate occupied by Ryder and to the profits and other benefits incident to the favorable location of such real estate for the purposes indicated.   These facts, appellant Ryder contends, are insufficient to authorize the appointment of a receiver even after a hearing but on this point we need express no opinion.   It is clear that, under the rule above quoted from *Henderson* v. *Reynolds, supra,* the showing made by appellees' affidavit is not sufficient to justify the appointment of a receiver without notice.

The interlocutory order appointing a receiver without notice is reversed with directions to set aside said appointment.

NOTE.—Reported in 108 N. E. 104.   As to when it is proper to have a receiver appointed, see 72 Am. St. 29.   See, also, under (1) 2 Cyc. 1915 Ann. 692-New; (2, 3) 34 Cyc. 126.