PARFENOFF ET AL. *v.* KOZLOWSKI ET AL.

[No. 27,464. Filed January 27, 1941. Rehearing denied February 17, 1941.]

*Oscar Thiel,* of Gary, for appellants.

*Gilbert Gruenberg, Frank A. Rondinelli, Fagan & Daugherty* and *John G. Capouch,* all of Gary, for appellees.

*Alex Pendleton,* of Gary, amicus curiae.

SWAIM, C. J.—The appellants were the owners of certain real estate covered by a mortgage which the appellees, Tony Kozlowski and Ivan Chajpak, were seeking to foreclose. On July 3, 1940, the cause was submitted to the Lake Superior Court on a verified petition for the appointment of a receiver. Said court appointed Alex Einikis as receiver to collect the rents and profits and apply the same to the repair of the property, and fixed his bond in the sum of $400.00. Thereafter on November 7, 1940, the Jasper Circuit Court, to which court the cause had been transferred on a change of venue, entered an order overruling "the joint motion of the plaintiff and defendant, Stephen S. Parfenoff (one of the appellants), to set aside the order of the Lake Superior Court, Room 3, Gary, Indiana, dated July 3, 1940, appointing said Alex Einikis as receiver herein" and overruling "the objections of the cross-defendants, Stephen S. Parfenoff and Martha Parfenoff, to the appointment of a receiver to take the place of Alex Einikis, heretofore appointed receiver, who has since his said appointment failed to qualify as such," and appointing "John Fox, receiver in the place and stead of Alex Einikis" and ordering the said Fox "to qualify as such receiver by filing bond in the penalty of $400.00 payable to the state of Indiana, for the benefit of all parties and to otherwise qualify as by law provided on or before November 14, 1940."

From this order of the Jasper Circuit Court the appellants, Stephen S. Parfenoff and Martha Parfenoff, have prosecuted this appeal, relying on the alleged errors of the court: (1) in overruling the motion of the appellants to set aside the order of the Lake Superior Court appointing Alex Einikis, receiver; (2) in over-

ruling the objection of the appellants to the appointment of a receiver to take the place of Alex Einikis, who had failed to qualify as such receiver; and (3) in appointing John Fox, as receiver, in this cause without any request having been filed for such appointment and without any evidence being heard to show either the propriety or the necessity for such appointment.

The appellants present no question as to the eligibility of the substitute receiver named by the Jasper Circuit Court, but base their entire argument on the grounds: (1) that the original appointment by the Lake Superior Court constituted error and should therefore have been set aside; and (2) that the appointment of the substitute receiver without any request having been filed therefor and without any evidence being heard to show the propriety of or the necessity for such appointment constituted error.

The appellee, Ivan Chajpak, has filed a motion to dismiss this appeal on the grounds: (1) that the refusal of the Jasper Circuit Court to set aside the order of the Lake Superior Court appointing said original receiver was not an order from which an appeal would lie; (2) that there is no appeal from the order naming a substitute receiver; and (3) that the appellants' brief was not filed within the time prescribed by the rules of the Supreme Court.

We are of the opinion that each of the grounds for dismissal presented by the appellee is valid and that this appeal must be dismissed.

The action of a court in refusing to vacate or set aside an order appointing a receiver is an interlocutory order from which no appeal will lie unless expressly authorized by statute. *Wood* v. *Brewer* (1857), 9 Ind. 86. This case was decided before

the enactment of the statute authorizing an appeal in a case where a receiver is appointed, or the appointment of a receiver is refused. This statute (§ 3-2603, Burns' 1933, § 1157, Baldwin's 1934) does not provide, however, for an appeal from an interlocutory order of the court refusing to vacate the appointment of a receiver, nor is such an appeal authorized by the general statute authorizing appeals from certain types of interlocutory orders. § 2-3218, Burns' 1933, § 490, Baldwin's 1934.

In *Wabash Railroad Company* v. *Dykeman* (1892), 133 Ind. 56, 64, 32 N. E. 823, this court said "No right of appeal is given from a ruling of the court overruling a motion to vacate an order appointing a receiver." The *Continental Clay and Mining Co.* v. *Bryson* (1906), 168 Ind. 485, 487, 81 N. E. 210, 211, was an appeal from an interlocutory order appointing a receiver. After the appeal was perfected the appellant filed, in the trial court, a written motion to vacate and set aside the interlocutory order appealed from and to discharge the receiver. The appellee there contended that the filing of such motion constituted a waiver by the appellant of its right to further prosecute the appeal on the order appointing the receiver. This court again said that no right of appeal is given from a ruling of a court overruling a motion to set aside and vacate an interlocutory order appointing a receiver and further said, "When such a motion is made, overruled, and excepted to, the appeal is not from the ruling on the motion, but from the order appointing the receiver."

An order denying a motion to set aside a former order appointing a receiver amounts to no more than

a refusal by the court to reconsider and to set aside an action already taken. *Title Ins. & Trust Co.* v. *California Development Co.* (1911), 159 Cal. 484, 114 P. 838. The right to appeal from an interlocutory order appointing a receiver is purely a statutory right. In order to facilitate the handling of receivership matters the statute has fixed a short period within which a party aggrieved may appeal. Our statute provides that an appeal may be taken within ten days from the original ruling appointing a receiver. If it were possible to appeal from an order of the court refusing to vacate or set aside his original ruling and on such appeal again present questions as to the propriety or necessity of the original appointment there would be no limitation as to the time within which an appeal could in that manner be taken from the original ruling. The limitation on appeal from the original action would thus be entirely destroyed and action in the emergencies usually handled by receivers would be indefinitely postponed.

The appellants herein also objected to the appointment of a substitute receiver without a further petition for such appointment having been filed and the court hearing evidence thereon as to the necessity and propriety of such appointment. In *Stiver* v. *Stiver* (1939), 63 Ohio App. 327, 26 N. E. (2d) 595, a receiver did not qualify promptly and it was argued that the order of appointment did not take effect until the receiver was properly qualified. The court held that this was not tenable; that the gist of the order appointing the receiver is that it is found necessary and proper to appoint a receiver; and that, if the party first designated fails to qualify, the court may appoint another person without being re-

quired to again determine the question of the necessity of appointing a receiver.

In *Hill* v. *Lincoln Nat. Bank & Tr. Co.* (1938), 214 Ind. 451, 453, 15 N. E. (2d) 1019, 1020, the trial court, on May 24th, entered an order that a receiver should be appointed. On the next day the court entered a second order appointing a certain person, as receiver, who accepted the appointment and qualified. The appellants there insisted that the appointment did not become effective until the receiver was named and qualified and that the statute gave them ten days from that date within which to appeal. This court held however that "The fact that the receiver was not named until the next day is not of controlling importance. He was named by reason of the decision of the court entered on May 24th."

A receiver *pendente lite,* as an officer of the court, holds possession of the property for the benefit of the party or parties ultimately determined to be entitled thereto. His custody is considered to be the custody of the court. The appointment of a substitute receiver in the place and stead of one theretofore appointed does not change the legal custody of the property.

In the case at bar the appellants raise no question as to the qualification of the substitute receiver appointed, but only object to the appointment on the ground that the appointment of any receiver was improper and that the substitute receiver was appointed without any request and without any hearing to determine the propriety and necessity of such appointment. We are of the opinion that § 3-2603, Burns' 1933, § 1157, Baldwin's 1934, does not provide for an appeal from the appointment of a sub-

stitute receiver under the facts and circumstances presented by this case. The appointment of a substitute receiver does not give a second opportunity to question the original appointment.

Rule 2-15 of the Rules of the Supreme Court of Indiana, 1940 Revision, provides that in all appeals from interlocutory orders the appellant should have ten days after submission to file his brief.

The record here discloses that the cause was submitted on November 18, 1940. The appellant's brief was not filed until December 7, 1940. It, therefore, follows that it would be necessary to dismiss this appeal even if the statutes of this state provided for an appeal from the interlocutory orders here in question.

The appeal is dismissed.

NOTE.—Reported in 31 N. E. (2d) 206.