HANSON v. HUTCHESON ET AL. CO-EXECUTORS ETC.

[No. 18,818. Filed May 25, 1956. Rehearing denied June 15, 1956. Transfer denied November 14, 1956.]

*Paul Y. Davis,* and *Andrew Jacobs,* both of Indianapolis, for appellant.

*Schortemeier, Eby & Wood, Francis X. Ward, Robert K. Eby,* all of Indianapolis, and *Charles H. Tuttle,* of New York City (of counsel) for appellees.

KENDALL, J.—Appellant filed amended claim to recover funds which he alleged had been misappropriated from the treasury of the United Brotherhood of Carpenters and Joiners of America, which funds were con-

verted to the personal use of the appellees' decedent, William L. Hutcheson, who had been an officer of the Brotherhood from 1916 until 1953. He contended that the action was brought on behalf of himself and all other similar members.

The appellees answered in abatement in two paragraphs. Appellant filed a reply (answer), to which appellees filed a demurrer, which was sustained by the trial court. Appellant failing to plead further, judgment was rendered that the amended claim abate.

The assignment of errors are: (a) The alleged error of the trial court in sustaining appellees' demurrer to appellant's reply (answer); (b) Error in rendering judgment abating the claim.

The first paragraph of answer in abatement was a denial that the appellant was a member of the Brotherhood entitled to prosecute the asserted claim; the second paragraph alleged that Local Union 101 of the Brotherhood, through which appellant had derived his pretended membership, was an indispensable party to the present action; that such indispensability had been adjudicated in a prior suit brought by appellant against the decedent during his lifetime in the United States District Court for the Southern District of Indiana, and that that particular action had been dismissed because of the absence of such Local Union. See *Hanson* v. *Madeline W. Hutcheson, et al.* (1954), 217 F. 2d 171; *Hutcheson* v. *Hanson* (1951), 121 Ind. App. 546; 98 N. E. 2d 688.

Appellees further answered that appellant was a resident of Baltimore, Maryland, and that he claimed to be a member of Local Union 101; that for ten years prior to the filing of the amended claim, the appellant had not been recognized or considered a member of the Local Union, was not carried on the records thereof as a member; that he attended no meetings and paid no

dues; that the opinion rendered by the United States Court of Appeals, 7th Circuit, (*Hanson* v. *Madeline W. Hutcheson, et al., supra*), determined and adjudicated that Local Union 101 is a necessary and indispensable party to these proceedings and that without the presence of said Local Union, appellant was without authority to prosecute this action.

Appellant replied (answered) to the plea in abatement in substance alleging that he was a member of Local 101, which Local had not recognized appellant because appellees' decedent, William L. Hutcheson, and appellee, Maurice A. Hutcheson, intimidated the Local into not recognizing appellant because appellant prosecuted actions against them for theft of union funds; that the claimant had tendered dues which were refused by Local 101 because of such intimidation. Appellant denied by his reply (answer) that the decision of the Circuit Court of Appeals decided anything except to affirm the decision of the United States District Court for the Southern District of Indiana. The demurrer filed by appellees to the reply (answer) was for want of facts.

By the issues tendered, certain questions are presented, namely: (a) Can appellant in this matter prosecute the amended claim when the same subject matter between the same parties had been determined by this court and the United States Court of Appeals, 7th Circuit? (b) Does appellant possess the character of a member of the Brotherhood entitling him to prosecute the amended claim, and (c) Under the facts as given in the record, and, in view of the admissions in the amended claim and reply filed, is Local 101 a necessary and indispensable party?

The by-laws of the Brotherhood provide in part as follows:

"When a member owes a sum equal to three months' dues, he is not in good standing and is thereby suspended from all donations until three months from the date he has paid said arrearages, which payment must include the payment of dues for the month in which said payment is made. A member in arrears must square all arrearages in full within one year or stand suspended. . . . A member owing a Local Union a sum equal to six months' dues shall have his name stricken from the list of membership without a vote of the local Union. . . ."

Appellant argues that appellees' contention, that appellant's non-recognition by Local 101 disqualifies him from maintaining this action, is decided adversely to appellees in the case of *Sourwine et al* v. *Supreme Lodge Knights of Pythias of the World* (1895), 12 Ind. App. 447; 40 N. E. 646.

With such contention, this court does not agree. In fact, the Sourwine case, *supra,* is authority substantiating appellees' contention, the distinguishing point being that in the Sourwine case, *supra,* the lodge itself was a party to the action as to membership therein. The direct opposite action was taken in this suit. Appellant has pursued action for nearly ten years, has been in two courts of appeal prior to this action, but, at no time, has brought the Local Union into court. Appellant also cited *Searles* v. *Life Ins. Co.* (1910), 148 Iowa, 65; 126 N. E. 801; *Noble* v. *McGinnis et al.* (1877), 55 Ind. 528; *Niblack, Administrator* v. *Goodman* (1879), 67 Ind. 174.

The Searles case, *supra,* was one at law for the recovery of money. The court distinctly pointed out in that case that a different rule would apply to a claim in equity. Further, in the case of *Hutcheson* v. *Hanson, supra,* §2-219, Burns' 1946 Replacement, was construed by this court as to indispensable parties, holding that it was, "This section" (2-219, *supra*) "is in effect a

re-enactment of the equity rule with regard to parties defendant." The case further holds that decisions interpreting this statute have held that any person whose interests are adverse to the plaintiff and who of necessity must and will be affected by the judgment in the cause must be made a party defendant. The other two cases relied upon by appellant, above cited, lend no support to appellant, for in 1881, §2-219, *supra,* and 2-222, Burns' 1946 Replacement, were enacted regarding parties defendants. These sections make mandatory the bringing into court of a party indispensable, "to a complete determination" of the litigation. Many other cases are cited by appellant, but in view of the decisions in this court and the Circuit Court of Appeals case, we see no good reason in a further discussion thereof, for in none of them (appellant's cited cases) do we find an issue as to the lawfulness of a plaintiff's membership in a lodge, union or any other organization where such a question might arise.

The findings by the court in the cases referred to wherein appellant was a party are important in the decision of this case, and, we think, binding. The reasoning announced by the court why neither Local 101 nor the Brotherhood failed to recognize appellant as an eligible member are well stated by the United States Court of Appeals for the Seventh Circuit in *Hanson* v. *Hutcheson, supra.* It appears to us that the language in the *Hanson* v. *Hutcheson* case *supra,* is most similar to that used in the present amended claim. In both cases an accounting was demanded from the then defendant, William L. Hutcheson; in each case, appellant proposed himself as a trustee for and in behalf of the membership of the Union. The result in the *Hanson* v. *Hutcheson* case, *supra,* was the same reached by this court in *Hutcheson* v. *Hanson, supra,* as to the indispensability of

Local 101 in affirming a dismissal of Hanson's complaint. In reading the court's finding in the Federal case, we find the following expression:

"We conclude, both on reason and authority, that Local 101 was an indispensable party, as decided by the District Court."

In view of the substitution of the co-executor after the death of Mr. Hutcheson, the decision of the United States Court of Appeals case was between the same parties as now before this court.

A careful analysis of the United States Court of Appeals case and the present case reveals that the prayer, subject matter and actually, the theory, as well as relief asked for, are almost identical. Both are based upon alleged mis-appropriation of funds, coercion of Local 101, and the alleged right to be regarded as a member in Local 101 are the same as those contained in appellant's prior suits. Actually, it appears that it is appellant's theory that since Mr. Hutcheson died that his death gives cause for "another try", for appellant's purported contentions, which, by the Federal Court decision, he has been judicially barred from renewing. Conceding for the purpose of argument that Hanson has the right regarding these matters, it would appear that his actions would be against Local 101 in Baltimore.

The facts stated in the plea in abatement and the conclusions therein that Local 101 is an indispensable party is conclusively established as a matter of fact and law by the prior decisions. It is well established that when issues of fact or law are once litigated and determined, the same are conclusive in a subsequent suit between the same parties and the same constitutes estoppel. *Town of Flora* v. *Indiana Service Corp.* (1944), 222 Ind. 253; 53 N. E. 2d 161.

The circumstances and the decisions herein referred to disqualify the appellant to become a self-appointed representative of the class to which he is adverse are given in detail in the Federal Court of Appeals case in which the court stated:

> "Plaintiff recognizes that he must in the instant case obtain an adjudication that he is a member of Local 101, as a prerequisite to his right to maintain the instant action."

The principles of law making Local Union 101 an indispensable party having been twice litigated in State and Federal Courts between the same parties involving the same subject matter, and the decision being rendered adverse to appellant's contention, the trial court committed no error in sustaining appellees' demurrer to appellant's reply (answer).

Judgment affirmed.

NOTE.—Reported in 134 N. E. 2d 564. Transfer denied, Landis C. J.