FAGAN, AS PRESIDENT ET AL. *v.* CLARK ET AL.

[No. 29,633.  Filed March 11, 1958.]

*Andrew Jacobs,* of Indianapolis, for appellants.

*Lynnville G. Miles* and *James E. Noland,* both of Indianapolis, for appellees.

ARTERBURN, J.—This is an appeal from an action brought by Vera Clark and others as members of a local union of Laundry Workers against other members of the Local and International officers of the union, claiming a misappropriation of the assets of the Local,

destruction and threatened destruction of the records, books and papers of the Local, a refusal to hold elections and various other misconduct on the part of the defendants. The verified complaint asked for injunctive relief against the defendants' removing or destroying the records, taking or carrying away the property and assets of the Local. It also asked that a receiver be appointed without notice because of the threatened destruction and loss of the property and records, which would destroy evidence material to the prosecution of the case. Part of the defendants (the appellants in this case) are officers of the International Union and non-residents of the state. The complaint further alleges the defendants have removed records and property of the local union out of the State of Indiana and will continue to do so unless possession is preserved by a receiver and that a restraining order alone will not prevent irreparable injury.

We are first confronted with a motion to dismiss this appeal on the ground that, being an appeal from the appointment of a receiver, it must be taken within ten (10) days from the order of appointment under Acts 1881 (Spec. Sess.), ch. 38, §254, p. 240, being §3-2603, Burns' 1946 Replacement.

The facts material to this motion are that the complaint asking for the relief, including the appointment of a receiver without notice, was filed on January 16, 1958, and summons was issued out of the clerk's office for all the named defendants, returnable on the 17th day of February, 1958. Only those residing in Marion County were served. On the date of the filing of the verified complaint and on the basis of the same, a restraining order was issued and a receiver appointed without notice. On January 27th, more than ten days after the appointment of the receiver without notice,

the appellants, officers of the International and non-residents, appear to have first learned of the appointment of the receiver and informed counsel for the plaintiff below that they intended as soon as possible to file a motion to vacate the appointment of the receiver. Two days later appellants filed an answer and motion to vacate the order appointing the receiver, with supporting affidavits. However, after the filing of the motion, appellants' counsel learned that two days prior thereto the action had been dismissed as to the appellants (International officers). On the same day on which appellees filed their motion to vacate, the court, without notice to appellants, ordered the motions to vacate both the appointment and the appellants' answer, with all other papers and affidavits of appellants, stricken from the record. The court also overruled a petition by the appellants to be reinstated as parties or to intervene, which petition was filed thereafter on that same day. This ruling was made without a hearing or a notice to the appellants.

It is with this background that appellees contend first that the appellants' ten-day time has run within which an appeal can be taken from the order appointing a receiver without notice, and secondly, appellants are no longer parties with any interest in the receivership sufficient to sustain an appeal therefrom.

The order book entry shows, among other things, that on January 16, 1958, without notice, a restraining order was issued and Robert S. Smith was appointed receiver of the assets, property and records of the local union and gave bond accordingly. On January 21, 1958 the court entered a temporary injunction restraining any interference on the part of the defendants with any of the assets of the local union. The order further recited "the Court now appoints Robert S.

Smith as Trustee of Local Union 350" . . . and "the plaintiffs agree to withdraw their request for the appointment of a receiver in this cause and the defendants further agree to request the dissolution of the Writ of Prohibition heretofore obtained by them against this Court." The agreement referred to was with defendants other than appellants, since appellants had entered no appearance at that time.

The appellants claim the ten-day period within which they may appeal is computed from the last order of the court appointing a "trustee" on January 21st, the appellants having filed their assignment of errors and their transcript for an appeal on January 31, 1958.

In considering this question it should be kept in mind that the receiver was appointed *without notice*. Such *ex parte* hearings are to be avoided where possible. It is only in extreme cases that a court may exercise such unusual powers. There must exist a pressing emergency which shows that waste, loss or destruction of property will probably occur before reasonable notice can be given and the parties heard and the lack of any other available remedy before a court may appoint a receiver on an *ex parte* hearing. The statute in this state says:

> "Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit." Acts 1881 (Spec. Sess.), ch. 38, §253, p. 240, being §3-2602, Burns' 1946 Replacement.

Relief by receivership is an extraordinary remedy and is never exercised if there is an adequate remedy at law or the harm can be prevented by injunction or restraining order. In the latter instance a bond affords some protection against

an improvident order made for such equitable relief. However, in the case of a receivership, the statute does not provide for any bond indemnifying the injured party in case of an erroneous appointment of a receiver. Because of the radical nature of the remedy through receivership, this court does not look with favor upon an appointment without notice. *Rotan* v. *Cummins* (1957), 236 Ind. 394, 140 N. E. 2d 505; *Second R. E. Inv., Inc.* v. *Johann, Jr. Adm. dbn et al.* (1953), 232 Ind. 24, 111 N. E. 2d 467; *Morris* v. *Nixon* (1945), 223 Ind. 530, 62 N. E. 2d 772.

It follows, therefore, particularly in cases where receivers have been appointed without notice, that the aggrieved party should have a full and complete opportunity to meet and oppose such *ex parte* adjudication of his rights *at the first opportunity.* It would be a sad state of affairs indeed if we should hold that a party against whom a receiver has been appointed without notice has no remedy by way of appeal if the ten-day period expires following the appointment before he learns of the receivership or before he has had an adequate opportunity to be heard, yet this seems to be the rationale of appellees' motion to dismiss this appeal. The statute says:

> "*Appeal in ten days.*—In all cases hereafter commenced or now pending in any of the courts of this state, in which a receiver may be appointed or refused, the party aggrieved may, within ten [10] days thereafter, appeal from the decision of the court to the Supreme Court, without awaiting the final determination of such case; . . ." Acts 1881 (Spec. Sess.), ch. 38, §254, p. 240, being §3-2603, Burns' 1946 Replacement.

Appellees in their motion to dismiss cite the case of *Parfenoff* v. *Kozlowski*, 218 Ind. 154, 31 N. E. 2d 206, as their authority for the dismissal of this appeal.

Upon an examination of the facts in that case we find that it is not in point. There a receiver was appointed on July 3, 1940. He failed to qualify and thereafter, on November 7, 1940 (over 30 days later), the court appointed a substitute as receiver. The appeal was taken from the order appointing the second person in place of the first person appointed receiver. The case does not make clear that the receivership order made in the first instance was made without notice or that the aggrieved party made his objections *at the first opportunity.*

Our concern here is limited to a case where a receiver is appointed without notice. It should be distinguished from those cases where a receiver *pendente lite* has been appointed after notice or where the appointment was first made without notice and then notice was given with a date fixed for a hearing to confirm the appointment after such hearing. In the latter instances the aggrieved party has his day in court and the ten-day period for appeal under the statute is calculated from the time of the hearing after notice.

We are supported in this position by the case of *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453. In that case the court appointed a receiver without notice but fixed a time for hearing after notice to determine whether the appointment should be made permanent. Treanor, Judge, speaking for the Court in that case, held that the ten-day period from which an appeal may be taken ran from the order of the court making the appointment permanent following a hearing upon notice given.

We recognize that there have been some statements rather loosely made in some cases to the effect that no

appeal may be taken from the overruling of a motion to vacate the appointment of a receiver.

These cases, however, may be harmonized upon the facts. So far as we have been able to discover, such statements have been made in cases where the party making such a motion has been previously heard and had his day in court or has delayed an unreasonably long time in making any objections or filing any motion to vacate. In such cases, as said in *Parfenoff* v. *Kozlowski, supra,* a motion to vacate or set aside an appointment is nothing more than a motion to reconsider from which no appeal may be taken. However, where an appointment has been made without notice and at the first opportunity a party makes a motion to vacate or set aside an appointment, he is making, in fact, his first objections to the receivership and is entitled to his appeal from such ruling if aggrieved. The ten-day period runs from the time when the court first ruled against his objections promptly made upon the issue of the appointment of a receiver without notice.

In *The State* v. *The Union National Bank of Muncie, Indiana, et al.* (1896), 145 Ind. 537, 44 N. E. 585, 57 Am. St. Rep. 209, a receiver was appointed and a judgment creditor, who was not a party thereto, at the first opportunity asked leave to intervene, which was granted. He thereupon moved to set aside the order appointing the receiver. After a hearing on the motion, which was denied, the creditor appealed therefrom. This court held that the ten-day period within which the appeal could be taken ran from the overruling of such petition to set aside the receivership. In that connection this court stated:

"It is provided in section 1245, R. S. 1894 (section 1231, R. S. 1881), that in all cases in which a receiver is appointed or refused, the party ag-

grieved may, within ten days thereafter, appeal from the decision of the court to the Supreme Court, without awaiting the final determination of the case. We think the appeal of the State was taken in substantial compliance with the provisions of this statute. On being permitted to intervene, the State first sought relief in the court below, by asking for the setting aside of the order of appointment; and then excepted to the adverse ruling of the court on its motion. This was the first legal opportunity the State had to object and except to the action of the court, and to deny the right to appeal from that ruling of the court would be, in effect, to deny any appeal. The appeal is, practically, from the action of the court in the appointment of a receiver . . ."

The case of *The Wabash Railroad Company* v. *Dykeman et al.* (1892), 133 Ind. 56, 32 N. E. 823 is cited in *Stair* v. *Meissel, supra,* for authority in that case. No special treatment is given the case there, yet it states that no appeal may be taken from the overruling of a motion to vacate the appointment of a receiver. Upon an examination of that opinion we find the statement was not necessary to the decision since the appeal was taken within ten days of the original appointment without notice, and the only question was whether or not the appellant should have taken an "exception" under the old law in order to save the right to present error on appeal. However, in that case, at pp. 63 and 64, the court did say, in support of the principle involved here as to the right of an aggrieved party to be heard:

"The law contemplates that in adversary proceedings the parties litigant are before the court, or, at least, are afforded an opportunity to be present when rulings affecting their interests are made. The section of statute above quoted was enacted with reference to, and must be construed in the light of this presumption. The obligation to object and except to a decision of a court implies that the

party required to object and except shall be afforded an opportunity to do so.

"It can not, with any show of fairness and reason, be claimed that a party assents to a ruling of a court of which he has no knowledge or opportunity of acquiring knowledge. We are of the opinion that when an objection and exception is taken at the first legal opportunity, it is in time . . ."

The case of *Ryder* v. *Shea* (1915), 183 Ind. 15, 108 N. E. 104, is to be distinguished upon the same set of facts as the above case.

The better practice, where the trial court finds it necessary to appoint a receiver without notice, is to provide in its order that the appointment should continue only so long as is necessary to give notice of a hearing to all interested parties. A prompt date for a hearing should be fixed and all interested parties should be given their day in court. From a ruling thereon, the aggrieved party should have his right to appeal as provided by statute.

In fairness to a trial court it is the policy of this court to insist that the court below first be presented with the objections to be urged upon an appeal, and given an opportunity to correct any alleged error. The necessity of an appeal can thus in many instances be obviated.

For the reasons stated, we are not inclined to extend or broaden the privileges of one who asks for a receiver without notice. On the other hand, we are inclined to throw all the protection possible around the aggrieved party who has been deprived of his property by an *ex parte* hearing and without notice. Applying the principles just enunciated to the facts in this case, the motion to dismiss this appeal should be overruled.

The question that next presents itself is: Did the appellants have such an interest in the appointment of a receiver that they were necessary parties? We have an adjudication in an action without an opportunity to be heard by persons (appellants herein) who claim they have an interest and have been aggrieved and injured as a result of an appointment.

The appellants' position to be reinstated as parties (or to intervene) sets out as an exhibit the union's constitution and by-laws which show that the International organization and officers thereof had a right under certain conditions to appoint a trustee for the property and the affairs of the local union. The verified complaint of appellees upon which the receivership action was based also set out as an exhibit the same constitution and by-laws. An examination of these exhibits shows without question that:

> "Whenever the affairs of a Local Union are improperly conducted, or the officers thereof are neglectful, dishonest or incompetent, or the membership is indifferent to the management of the Local Union, and the rights and interests of the International Union or of the Local Union are likely to be placed in jeopardy, the General President may appoint a Special Trustee to take immediate charge and control of the Local Union and its affairs." Article VI, Section 1(a), Constitution and By-Laws of the Laundry, Dry Cleaning and Dye House Workers International Union.

Both appellants and appellees are therefore in agreement as to the above provisions.

There are many other articles in the exhibits with reference to the taking charge of the property, books, records and other matters of the local union in such events, which we need not review at this point except to say that we are convinced that all the parties to

this action are circumscribed by the constitution and by-laws.

The complaint seeks to avoid the terms of the constitution and by-laws by alleging a conspiracy and fraudulent acts on the part of the International officials. It alleges that the International is required to be a member of the old A. F. of L. and has been expelled for corruption from the new AFL-CIO; that the officers of International have conspired with certain members and officials of the Local for their own personal use and benefit; that there has been no proper accounting of the funds, money and assets of the Local by certain officials to the International or members of the Local; that the records have been removed, burned and are threatened to be destroyed; that the International has moved records, books, papers and assets beyond the State of Indiana and the jurisdiction of the courts of this state. The complaint alleges in various paragraphs "In furtherance of said conspiracy" and "in furtherance of the above described conspiracy," with reference to the defendants generally. The complaint in substance alleges a situation in which it would not be proper and fit for the International to exercise its authority under its constitution and by-laws to appoint a trustee.

The appellants admit in their brief that the International officials can be divested of their rights under the constitution and by-laws if they are, as averred in the complaint, found to be unfit to take over the management and appoint a trustee because the affairs of the local union are improperly conducted or the local officials are neglectful, dishonest or incompetent. Whether this is a fact and can be proved, is not for us in this court to say, but is a question to be determined in the trial court upon the issue

tendered by the appellants. We cannot say at this point whether a receiver should or should not have been appointed with the above issue pending. We do say that the appellants have an interest and were entitled to be heard upon the issue of whether or not a receiver should have been appointed. This was denied appellants. For the court to have stricken out, without a hearing, their motion to vacate and set aside the appointment of a receiver, filed at the first opportunity after actual notice of the appointment, deprived the appellants of their day in court. For the court thereafter to overrule without a hearing their petition to be reinstated as parties or to intervene upon a proper showing by affidavit of their interest in the action, was also error, in view of the undisputed fact with reference to the constitution and by-laws giving the appellants a direct interest in the possession and custody of the assets.

Under the admitted fact that the constitution and by-laws give the International the power to appoint a trustee whenever the affairs of the local union ▮ are improperly conducted because of dishonesty or incompetency or for other reasons, it appears to us that the appellants are necessary parties to the issue raised by the petition for the appointment of a receiver. Before the International officials can be deprived of the power to appoint a trustee, they are entitled to their day in court. *Hutcheson* v. *Hanson* (1951), 121 Ind. App. 546, 98 N. E. 2d 688; *Hanson* v. *Hutcheson* (1956), 127 Ind. App. 50, 134 N. E. 2d 564; *Martin* v. *Smith* (1932), 280 Mass. 101, 181 N. E. 744; *Gaffey* v. *Sylvia* (1940), 65 R. I. 102, 13 A. 2d 696.

The motion to dismiss this appeal is overruled. The cause is remanded with directions to reinstate appellants as parties to said action, and to rescind the order

striking out and expunging from the record appellants' motion to vacate and set aside the appointment of said receiver, so that appellants may be heard on that issue.

Emmert, C. J., Bobbitt, Landis and Achor, JJ., concur.

NOTE.—Reported in 148 N. E. 2d 407.