STATE OF INDIANA ON THE RELATION OF
RICHARD PETTY AND JAMES A. SHOOPMAN *v.*
SUPERIOR COURT OF MARION COUNTY, ROOM 3,
BETTY BARTEAU, JUDGE AND LANTE E. EARNEST, RECEIVER.

[No. 478S67. Filed July 24, 1978.]

*Michael Sara,* of Indianapolis, for relators.

*John P. Politan, Thomas Quinn, Jr.*, of Indianapolis, for respondents

DEBRULER, J.—Relators, Petty and Shoopman, at the time of the institution against them of the suit below were operating a tool rental store in association as partners in a shopping center in Indianapolis. According to the complaint and evidence heard on application of the plaintiff for appointment of a receiver in that suit, relators were in default upon their lease agreement and their franchise agreement, the business was insolvent, and a total liquidation sale of the assets of the business had been arranged by relators to take place at the store. The plaintiff in that suit is the licensor of their franchise and, as original lessee with the shopping center owner, had assigned the store lease to relators. Following a hearing the temporary appointment of a receiver was made permanent.

After the order appointing the receiver was confirmed and prior to the institution of this original action in this Court, the entire assets of the business in the hands of the receiver were sold. Such sale took place pursuant to court order several days after the sale arranged for by relators was to have taken place. Before us, relators have presented a jurisdictional challenge to the order appointing the receiver.

The exercise of jurisdiction asserted to be excessive occurred prior to and at the time of the entry of the court order under challenge here. The burden is upon relators in this Court, as a condition of procuring the writ sought, to show that the normal appellate process is unavailable, inadequate, or incomplete as an avenue for seeking appellate redress, and that the denial of the writ would result in extreme hardship. Ind. R.O.A. (A) ; *State ex rel. Crumpacker* v. *LaPorte Circuit Court*, (1975) 264 Ind. 27, 338 N.E.2d 261; *State ex rel. Beatty* v. *Nichols*, (1954) 233 Ind. 432, 120 N.E.2d 407.

Relators concede, as they must, that the order of the trial court which they challenge is appealable pursuant to the

receivership statute. Ind. Code § 34-1-12-10 (Burns 1973); Ind. R. Ap. P. 4(B)(3); *Parfenoff* v. *Kozlowski,* (1941) 218 Ind. 154, 31 N.E.2d 206. They point out that the appeal process consumes more time than the original action process. While we can accept this assertion as generally true, under the record presented here, we are not persuaded that the potential additional delay and expense attributable to an appeal from this order renders the remedy by way of appeal inadequate or incomplete. Under this record, the business assets belonging to the partnership have been sold and reduced to a fund in the hands of the receiver. The sale by the court's receiver realized the desire of relators to sell their assets. The fund is secure in the hands of the receiver who has posted a bond and is enjoined by law from dealing with it in any manner inconsistent with the legitimate interests of relators. We cannot agree that the additional delay, if any there be, in the appeal process could have an adverse effect upon relators' interests. Here, a reversal following appeal would serve those interests no less than the grant of a peremptory writ.

There is no basis in the record before us upon which to conclude that the appellate process available to relators to challenge Judge Barteau's order is inadequate or incomplete. To answer the legal issue raised by relators on its merits would be to sanction a circumvention of the normal appellate process contrary to our rule. There is likewise no basis at all to believe that relators are presently suffering an extreme hardship which would be continued by the denial of the relief sought here or that extreme hardship will be visited upon them in the first instance by denial of same.

The permanent writ is denied as was the temporary one.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 378 N.E.2d 822.