STATE UNEMPLOYMENT COMPENSATION BOARD OF UN-
EMPLOYMENT COMPENSATION DIVISION, DEPARTMENT
OF TREASURY ET AL. *v.* WARRIOR PETROLEUM
COMPANY, INC.

[No. 27,797.   Filed March 1, 1943.]

*George N. Beamer,* Attorney General, and *Fred R. Bechdolt* and *Charles W. Grubb,* both of Indianapolis, for appellants.

*James W. Noel* and *Robert D. Armstrong,* both of Indianapolis, for appellee.

SWAIM, J.—The appellee, Warrior Petroleum Company, Inc., was incorporated in 1937, and at no time since its incorporation has it had a sufficient number of employees to bring it within the Unemployment Compensation Law, ch. 125, Acts of 1937, p. 705. On March 1, 1938, practically all of the stock in the said corporation was acquired by J. E. Fehsenfeld, Sr., the majority stockholder and president of the Crystal Flash Petroleum Corporation. Both corporations were organized to deal, generally, in petroleum products. After the purchase of said stock the said Fehsenfeld and his wife served as officers and as directors of the two corporations, constituting a majority of the board of directors of each corporation. In February of 1940, said Fehsenfeld acquired, for himself and his wife, all except eight shares of the remaining capital stock of the Crystal Flash Petroleum Corporation and thereafter his wife did not serve on the board of directors of said corporation.

There was testimony to the effect that the appellee corporation and the Crystal Flash Petroleum Corporation were never operated jointly or as one unit, but "were two entirely separate operations"; that appellee was engaged in marketing petroleum solvents; that no petroleum solvents were handled by the Crystal Flash Petroleum Corporation; that the business of each corporation was at a different address; that each company "did its own purchasing direct from the producers"; that there were no more transactions between the com-

panies than there would be between competitive companies; that each corporation was managed separately and had separate meetings of its stockholders and board of directors; that there was no interchange of employees between the corporations; and that Fred Wright and D. B. McFarland had the active management of the business of the appellee and neither of these men had anything to do with the active management of the Crystal Flash Petroleum Corporation.

On the theory that the two corporations were "owned or controlled" by the same interests, within the meaning of § 2 (g) (4) of the Unemployment Compensation Act, ch. 125, Acts of 1937, p. 705, the appellee was required to pay and did pay, under protest, contributions, pursuant to the provisions of said Act, for the years 1938, 1939 and to June 30, 1940. This was an action brought by the appellee under § 52-1514 (b) (9), Burns' 1933 (Supp.), § 10168-61 (4), Baldwin's Supp. 1937, to recover the payments so made.

This action involves the interpretation of paragraph (g) (4) of § 2 of the Acts of 1937, *supra*, which reads as follows:

"Any employing unit which together with one or more other employing units, is owned or controlled (by legally enforcible means or otherwise) directly or indirectly by the same interests, or which owns or controls one or more other employing units (by legally enforcible means or otherwise), and which, if treated as a single unit with such other employing units or interests, or both, would be an employer under paragraph (1) of this subsection;".

This particular provision of the Unemployment Compensation Law, as amended in 1939, ch. 121, Acts of 1939, p. 585, was interpreted by this court in *Benner-Coryell Lumber Co.* v. *Ind. U. C. Board* (1940), 218

Ind. 20, 31, 29 N. E. (2d) 776. In that case we held that "control of a corporation must be regarded as something more than that remote control that arises out of the fact that a majority of the holders of its voting stock may dictate who its directors shall be." We were there considering the case of two lumber companies, each engaged in the retail lumber business, located in different counties, with a majority of the stock of each company owned by the same individual. The facts there were recited in an answer filed by the Unemployment Compensation Board. A demurrer to the answer was sustained and the question was presented to us on the ruling on said demurrer. We there indicated that if such a definition of employer was to be interpreted to include two employing units, whose control by the same interests was shown only by the fact that the majority of their voting stock was owned by the same interests, the provision would be, unconstitutional as being a bad classification. Both before and since that opinion was written similar provisions of the unemployment compensation laws of other states have been considered by other courts which have arrived at different interpretations of such provisions. None of such cases presented exactly the same facts.

The most recent decision which has come to our attention on this question is *Kellogg et al.* v. *Murphy et al.* (1942), 349 Mo. 1165, 1178, 164 S. W. (2d) 285. The court there was considering an unincorporated general printing business conducted under the name Kellogg-Baxter Printing Co., which business was owned and operated by an individual in the same establishment in which a corporation, seventy per cent of the capital stock of which was owned by the same individual, was engaged in the business of composing, publishing and circulating a weekly society newspaper. The publish-

ing company owned no printing machinery and its newspaper was printed on the presses of the Printing Company under a contract and for pay.

That case arose on a review by the Circuit Court of the decision of the Missouri Unemployment Commission awarding benefits to an employee of the publishing company. The court, after reviewing and distinguishing many of the cases which had interpreted similar affiliate clauses said: "There can be no doubt that the ultimate criterion under subsection (h) 1, 4 (affiliate clause), is *substantial unification* of two or more businesses by *actual joint control.*"

While most of the cases on the question of the interpretation of such affiliate clauses have decided, under the particular facts involved, that the employing units being considered did constitute a single "employer" within the meaning of the act, we find that in most of the cases so holding there was evidence of substantial unification under actual joint control such as having the businesses conducted on the same premises and from the same office or the intermingling of employees and the gratuitous exchange of services, and in some of the cases there was evidence tending to show attempted evasion of the law. All of the cases recognize that the purpose of such a clause is to prevent circumvention of the law by dividing a business having the required number of employees into smaller units each having less than the required number.

In *Kellogg* v. *Murphy, supra,* the commission was contending that the two employing units need have nothing in common except the fact that they were either owned or controlled by the same individual or interest. The Missouri court refused to approve such a broad and unrestricted formula but agreed that proof of majority ownership or control of two separate busi-

nesses would sometimes be sufficient to support an inference of unified control, depending upon the history, location and nature of the two businesses. The court held that the two businesses there being considered did constitute a single unit under the provisions of the affiliate clause, but the court pointed out that it was reviewing a finding of the Unemployment Commission and that under the statute of that state the Commission's findings of fact were binding upon the court when supported by competent evidence. § 9432 (i), R. S. 1939, Missouri R. S. A. § 9432 (i).

In the instant case the question is presented to us on the sufficiency of the evidence to sustain the decision of the trial court. We agree that in order for two businesses to constitute one employing unit under the terms of the affiliate clause of our Unemployment Compensation Law, there must be substantial unification of two businesses resulting from actual joint control. In the instant case the trial court, expressly given original jurisdiction to try the action by § 52-1514 (b) (9), Burns' 1933 (Supp.), found that the two businesses here involved did not constitute a single employer within the meaning of said Act. In view of the evidence, we cannot say, as a matter of law, that the two businesses were "owned or controlled" by the same interests within the meaning of the affiliate clause. It is true that one individual owned a majority of the stock in each corporation. It is also true that during most of the time involved he and other members of his family constituted a majority of the board of directors of each of the corporations. On the other hand it is also true that these two corporations were organized separately and there was no intimation of attempted tax evasion by the method of operation. There was evidence that while the appellee company was engaged

in marketing petroleum solvents the other company did not and could not, with its facilities, handle petroleum solvents; that the two businesses were located at different addresses and operated independently, the appellee company being managed by two men who had no connection with the Crystal Flash Petroleum Corporation; that each company did its own purchasing directly from the producers; and that there was no interchange of employees between the two companies. There was also evidence that for approximately all of the time in question the actions and authority of the said J. E. Fehsenfeld, Sr., in the Crystal Flash Petroleum Corporation were being contested by a stockholder owning almost as many shares of the stock as were owned by Fehsenfeld. Considering the evidence most favorable to the appellee and all reasonable inferences which might be drawn therefrom, we cannot say that the decision of the trial court was not supported by sufficient evidence or that it was contrary to law.

The judgment is affirmed.

NOTE.—Reported in 46 N. E. (2d) 827.